# Beall *et al. v.* McGehee, Adm'r.

*Bill in Equity to Enforce Vendor's Lien.*

1. *Voluntary donee, takes subject to all equities.*—A mere voluntary donee of an estate takes it subject to all equities affecting it at the time of conveyance by the grantor, and can not claim the protection accorded to *bona-fide* purchasers for value, against equities of which the donee had not notice.

2. *Set-off in favor of defendant; can be obtained in equity only by cross-bill;* such defense can not be made by the answer alone.

3. *Misrepresentation of matter of law; when will not vitiate contract.* Misrepresentation of a matter of law, in the absence of any relation of trust and confidence existing between the parties, or of facts indicating imposition, is not a fraud which will vitiate a contract.

APPEAL from Chancery Court of Crenshaw.

Heard before the Hon. HURIOSCO AUSTILL.

The bill in this case was filed by Mrs. Mahone, the executrix of Thomas Mahone, deceased, for the purpose of enforcing a vendor's lien against J. H. Beall, on the lands mentioned in the bill, and setting aside a deed from J. H. Beall to M. E. Beall, which covered a part of the lands alleged to have been purchased by Beall of Thomas Mahone, since deceased. The record shows that appellant, J. H. Beall, purchased of Thomas Mahone the lands mentioned in the bill. Beall paid part of the money cash, and gave his note for the balance. On the 27th day of December, 1863, two days after the maturity of the note, Beall paid a part of it, and about a year later, paid six hundred dollars more, leaving six hundred dollars still unpaid. The whole of the purchase-money was to be paid in Confederate treasury notes. In August, 1866, Mahone went to Beall's house and stated to Beall that the Supreme Court had decided, and the law was, that if any portion of the purchase-money for lands sold during the war remained unpaid, it would cause a forfeiture of the entire trade, and the land would revert back to and become the property of the vendor. The defendant avers that in this statement of the law by Mahone, he, defendant, was deceived, and forced into making a settlement of the

[Beall et al. v. McGehee, Administrator.]

balance of said note, by scaling the amount and signing a note for three hundred dollars—protesting against it all the while—"because Mahone had him in his power, and said that was the only thing that he (Mahone) would do." The defendant in his answer to complainant's bill, avers that Thomas Mahone misrepresented to him certain portions of the land, as being land that could be reduced to a high state of cultivation, &c.; and that he, defendant, being a Georgian, and knowing nothing of the lands in Alabama, was deceived by such misrepresentations when he made the purchase. Wherefore defendant proposed in his answer a set-off or recoupment from the note given, because of said misrepresentations.

The defendant, Mary E. Beall, on the eighth day of January, 1871, became the voluntary donee of a portion of the land in controversy, by a deed of gift from her father, James H. Beall, and it is insisted by complainants that this deed be set aside, because said Mary E. Beall knew at the time of said gift that the purchase-money had not been paid by her father, and that the vendor's lien could not be defeated by said gift. Said Mary E. Beall in her separate answer denies that she knew of the non-payment of the purchase money by her father at the time of the gift to her.

The chancellor decreed the relief asked by the complainant, and held that complainant had a lien upon the lands for his claim. The decree is now assigned as error.

GAMBLE & BOLLING, for appellant.—1. We insist that a set-off is proven beyond any question, and no sort of testimony offered to contradict it; that representations were made as an inducement to the purchaser, on which the purchaser, Beall, relied, and it is clear that the damages consequent to such misrepresentations are available as a set-off. See *Kennedy v. Lambert*, 37 Ala. 57; *Nelson v. Pruitt, ib.* 389; *Bell v. Thompson*, 34 *ib.* 633; *Thweat v. McCleod*, in manuscript, and authorities there cited.

2. On account of misrepresentations to appellee as to the law, appellee was induced to sign a note in settlement, for three hundred dollars, which is void because of such misrepresentations.

JOHN P. HUBBARD, *contra.*—1. No relief can be granted for misrepresentation, even if allowable to defendant under proper pleadings. Such relief requires a cross-bill. There is none in this case.

2. As to the question of law, which was equally open to both parties, there could be no fraud or misrepresentation in this case.

3. As to defendant, Mary E. Beall, her deed shows the consideration, and that it was not such as to protect her under the principle of purchaser without notice for value. It was a voluntary gift.

BRICKELL, C. J.—1. The appellant, Mary E. Beall, is the voluntary donee of her father, the appellant, James H. Beall, and of consequence affected by all the equities with which the estate of her father was chargeable, when the conveyance to her was made, though she may not have had notice of such equities. It is only a purchaser for a valuable consideration, without notice, who is protected against prior equities.—*Moore v. Clay*, 7 Ala. 742; *Ledbetter v. Walker*, 31 Ala. 175.

2. If there was by the vendor, a fraudulent misrepresentation of the quality or quantity of the lands, the damages resulting from which, are available as matter of set-off against, or recoupment from the note given for the purchase-money, the defense could not be made by the answer alone. It is only by cross-bill that a set-off in favor of defendant can be obtained in equity.—*Goodwin v. McGehee*, 15 Ala. 232.

3. The misrepresentation of the law as it had been declared by this court, averred in the answer, is not a good defense. In *Dugger v. Bocock*, present term, following *Townsend v. Cowles*, 31 Ala. 428, we said: "A misrepresentation of a matter of law, in the absence of a relation of confidence and trust on the part of the person making it, to the person relying and acting on it, or of some fact indicating imposition, is not a fraud which will vitiate a contract, for the law is presumed to be equally within the knowledge of both parties."

We find no error in the record, and affirm the decree.

### Bill in Equity to Enforce Vendor's Lien.

