## No. 10,519.

## PARKS *v.* BUCY.

Decided December 18, 1922.

Action to rescind contract.  Judgment for plaintiff.

## *Reversed.*

## *On Application for Supersedeas.*

1. EQUITY—*Mistake of Law.*  The general rule is that equity will not relieve one against a mistake of law, or convert a mere expression of opinion on a legal question into a representation of a past, or of an existing, fact.

2. APPEAL AND ERROR—*Erroneous Decree.*  Although the law may be as announced by the trial court in entering judgment, still if the pertinent facts are not in the record to which to apply the rule announced, the decree should be set aside.

3. FRAUD—*Misrepresentations—Mistake of Law.*  A mistake of law induced by fraudulent representations is actionable, if at all, only where it appears, among other things, that fraudulent representations of a past or existing fact, induced the mistake of law.

4. *Misrepresentations—Mistake of Law.*  Where parties are dealing at arm's length, and one announces a rule of law not peculiarly within his knowledge, he will not be responsible if the other party relies upon the erroneous statement.

5. CONTRACT—*Rescission—Misrepresentations.*  In an action for rescission of a contract based upon misrepresentations, the fact misrepresented must not only be material, but it must be the determining ground of the transaction complained of.

*Error to the District Court of Logan County, Hon. H. E. Munson, Judge.*

Mr. T. E. MUNSON, for plaintiff in error.

Messrs. COEN & SAUTER, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant, Parks, sold and conveyed to the plaintiff, Bucy, all the rights and interest of the vendor, the patentee in a patent of a "sign gate," to manufacture, sell and install the invention in seven of the states of our Union. As part payment of the agreed consideration, plaintiff conveyed to the defendant certain real estate, and gave his promissory notes for the balance, secured by a trust deed on town lots in the city of Sterling, Colorado. Deeming that he had been defrauded, the plaintiff elected to rescind the contract of sale and brought this action asking for a cancellation of these instruments. The district court found the issues for the plaintiff and entered the appropriate decree in such cases. A reversal of that decree is asked by the defendant in the pending writ.

· The complaint is in the usual form in a suit for rescission. The specific fraudulent acts relied upon are that the defendant falsely stated to the plaintiff that he was the owner of a patent right, represented by a certain patent applied for in the Patent Office of the United States of America, for a sign gate, and then and there represented that there was no question as to its "patentability," and that patent would issue thereon within a very short time, and further falsely represented that said patent pending was an absolute and complete protection against infringement by any person of the use of said gate referred to. Appropriate allegations of plaintiff's reliance upon such representations, negation thereof, belief that they were true, and that he made the purchase in question and gave the notes and deeds therefor, appear in the pleadings. The complaint further sets forth that, at the time of the sale, plaintiff had no experience in, or knowledge of, patent rights, or patent applications, or the procedure thereunder, but later he discovered that the defendant had no patentable idea for a sign gate, that no patent could be issued on

his application, and that "patent pending" did not prevent other persons manufacturing and installing the sign gate covered by the defendant's application. Before the defendant's answer was filed, the patent applied for was issued to defendant by the Commissioner of Patents, as the answer avers and the supporting evidence shows.

The issuance of the patent eliminated from the case the questions as to the patentability of the idea, the issue of the patent and defendant's ownership, and left in the complaint as the only charge of fraud, the defendant's alleged representation that the pendency of a patent application operated as a protection against the use by others of the invention. In the opinion of the trial court, however, which is brought up in the record, there is a statement that the defendant falsely represented to the plaintiff that the patent was "a protection as against any one attempting to use and vend a sign gate," whereas, as the court proceeded to say: "the patent is no protection against any one using signs of every kind and description upon all sorts of gates, but is only a patent as to the manner of hanging a sign on a gate."

Even if the complaint contained any such charge, as it does not, there is no evidence that would justify such a finding. Plaintiff, who was in the advertising business and knew the value of similar signs, admits that, before the sale, defendant showed him a model, or sample, of the sign gate which is a duplicate of that which is exhibited in the application and contained in the letters patent. So that the plaintiff must have known as well as the defendant did, what the improvement on sign gates was concerning which the patent would protect the owner. The only allegation in the complaint bearing on the protection afforded by the pendency of a patent application, is that it prevents infringement of the idea embodied in the invention, not that other persons may not use any sort of sign or any kind of gate. So we repeat that the only charge defendant was required, in the pleadings, to meet was, that he had misrepresented the potency of a mere application

for a patent as prohibiting the use by others of the invention before the issuance of letters patent.

We think the decree is wrong on the undisputed facts. The general rule is that equity will not relieve one against a mistake of law, or convert a mere expression of opinion on a legal question into a representation of a past, or of an existing, fact. That the trial court misconceived the case as made by the pleadings and the evidence, and applied to it an erroneous principle of law, is apparent from these expressions in the court's opinion. Referring to the contentions of defendant, the court said:

"There is little or no contradiction in the testimony, the defendant contending that he believed that a 'patent pending' was a complete protection, supposed it was at all times, and that if it be the law that the same is not, he was misinformed, and that his statement to the plaintiff as to that feature was an honest mistake. Counsel for the defendant also makes the contention that a mistake of law is not actionable, and that the plaintiff is not entitled to recover in this action upon misrepresentations of the defendant as to what the law was relative to the protection given by 'patent pending.' Counsel also contends that if there is any ground for rescission shown by the evidence it would be upon a mutual mistake as to what the law is, and that a mutual mistake cannot be the basis for a rescission in an action brought for rescission upon the ground of false representations or fraud.

The Court, however, is of the opinion that the positive representation of a fact by a person who does not know the statement to be true, and has no good reason to believe it to be true, if in fact it be false, is in law a wilful representation, and amounts to such fraud in law as will entitle the one defrauded, who relies upon the said statement innocently, to a rescission of the contract.

The Court is further of the opinion that while it is the general rule that equity will not relieve a person against a mistake of law, yet where a mistake of law is induced by fraudulent misrepresentations, and the person making

the representations reaps the reward by reason of his misrepresentations even a mistake of law so induced is sufficient ground for the rescission of a contract."

The foregoing discloses not only the issues tried but also the ground upon which the court made its decision. While it is immaterial what reason the court assigns for its judgment, it will not be set aside, if, for any reason, it is sustained by the law and the evidence. The decree in this case, however, cannot be upheld, unless it is for the reasons stated by the court in its opinion. Conceding that the law is, as stated by the court, where the pertinent facts are present, still if the pertinent facts are not in this record, to which to apply the law announced, the decree should be set aside.

First, we observe that the rule of law invoked by the court, that where a mistake of law is induced by a fraudulent representation it is actionable, it is so, if at all, only if the representation is of a fact, not of law. There is not a scintilla of evidence that the defendant in this case stated any fact or facts upon which he based his statement that the pendency of a patent application protected against infringement. Before the rule is applied, if at all, it must appear, among other things, that fraudulent representations of a past or existing fact induced the mistake of law, and that does not appear in this case.

Speaking generally, a false representation to be actionable, in this kind of an action, must have been made by the defendant either with knowledge of its untruth, or recklessly and wilfully made without regard to its consequences, and with an intent to mislead and deceive the plaintiff. There are exceptions to this rule, but this case does not fall within any of them. The plaintiff himself, in his testimony, says that so far as he knows, the defendant had no intention to deceive him, and that his representations were made in good faith. Plaintiff's reliance here is solely upon the proposition that the statement as to the protection of the pending application was not a true statement of the governing law. This mistake of law was not induced

by any false representation of fact, and it was merely the expression of a legal opinion by one layman to another layman. If it be true, as both parties agree, that a pending application does not have the legal effect which the defendant asserted it had, the plaintiff, as well as the defendant, is presumed to know the law. If there was a fiduciary relation between these parties, or if the defendant was a lawyer and the circumstances were such as required him to divulge all the information that he had, or if he knew that the plaintiff was relying upon him as one learned in the law, a different question would be presented; but where the parties are, as here, dealing at arm's length, and the rule of law is not peculiarly within the knowledge of the party declaring it, he is not responsible if the other party relies upon the erroneous statement.

The doctrine upon which, in part, at least, the court based its opinion that the positive representation of a fact by one who does not know it to be true, and has no good reason to believe it to be true, if, in fact, it be false, is in law a wilful misrepresentation and amounts to such fraud as will entitle the party injured to rescission of a contract based upon the statement, is wholly inapplicable here because there was no positive representation, or any representation at all, of a fact by the defendant, upon which the plaintiff relied, or had a right to rely. According to the plaintiff himself, the defendant was merely expressing his opinion upon a question of law, and not making an untrue statement of fact.

There is another rule that applies to cases of this character which is, that the representation of a fact must be not only material, but it must be the determining ground of the transaction complained of. *Wheeler v. Dunn,* 13 Colo. 428, 437, 22 Pac. 827. We are impressed not only by the plaintiff's own pleadings, but also by his testimony, that the controlling and important thing which induced him to enter into this contract was that he believed that the patent applied for would be issued, and that thereunder he would get value for the property which he trans-

ferred to the defendant.

All of the things about which representations were made turned out to be true, except as to the legal effect of a pending application, and, under the facts of this record, such a representation is not actionable. It may also be said that there is no proof that any such harmful use of the invention was made by others prior to issuance of letters patent, or that any damage resulted to the plaintiff because of his reliance upon the defendant's erroneous statement of the law. He may have been, and probably was, prevented from making sale of some of the rights which he obtained under the contract of sale, but since the patent has issued he certainly is fully protected against infringement of the invention. It is not at all clear from the evidence that the plaintiff's failure to make such sale was due to the fact that the mere pendency of the application did not have the effect of prohibiting the use by others of the invention. As we read the record, the real reason why the parties, to whom the plaintiff tried to sell, refused to buy, was because the patent had not then been isseud. However that may be, as we have already held, since the representation was merely the expression of an opinion upon a question of law which both parties are presumed to know, and on which opinion plaintiff had no right to rely, it is not sufficient, even if erroneous, to sustain the pending action. *Supersedeas* denied. The judgment of the district court should be reversed and the cause remanded.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE BURKE concur.