No. 12,811.

Stenmark *v.* Grimes.
(17 P. [2d] 529)

Decided December 5, 1932. Rehearing denied December 29, 1932.

Mr. A. D. QUAINTANCE, Mr. HARVEY RIDDELL, for plaintiff in error.

Messrs. BLOUNT, SILVERSTEIN & ROSNER, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

PLAINTIFF Stenmark is a contractor and builder. Defendant Grimes is the owner of city lots at Seventeenth and Larimer streets in the city of Denver. A number of property owners in that vicinity conceived a plan of erecting on the Grimes lots a hotel which was to be known as Points Hotel. In furtherance of their plan they organized a corporation, the Points Hotel Company, to erect the proposed building. The company, by Points, its president, who was acting in its behalf, procured of Grimes an option to buy his lots at an agreed price of $150,000, to be paid in designated installments. Shortly thereafter the hotel company furnished the plaintiff Stenmark with plans and specifications for the proposed hotel building and entered into a contract with him for its erection. Still later the defendant, as alleged in plaintiff's second amended complaint, gave the plaintiff to understand, and informed the public generally, that he, the defendant, had looked into this arrangement to build the hotel and had as a result thereof subscribed to $50,000 of its preferred stock. In this his second amended complaint the plaintiff seeks to recover judg-

ment against defendant Grimes for $30,000 with interest and exemplary damages to reimburse him for money which he claims to have advanced to the Points Hotel Company in November, 1925, and January, 1926, to assist it in promoting the construction of this hotel. Defendant's motion to strike the second amended complaint from the files and his general demurrer thereto were overruled by the court, whereupon Grimes filed his answer to such pleading, thereby traversing all the material allegations thereof and setting up various new matters tending to negative plaintiff's pleading. Stenmark filed a replication in which some of the allegations contained in the answer were admitted and some additional facts were pleaded which we do not deem material upon this review. Plaintiff did not produce or make an offer to introduce any evidence to prove his case. Thereupon Grimes filed a motion for judgment on the pleadings, which the court sustained, and dismissed the action.

One of the defenses set up in the answer of the defendant Grimes is, in substance, that the plaintiff Stenmark, for a valuable consideration, released and discharged the defendant Grimes of and from the alleged fraudulent acts and doings of the defendant in connection with this hotel enterprise, including the charges of fraudulent conduct set forth in plaintiff's second amended complaint.

From the foregoing statement it appears that, even if it be conceded that the plaintiff in his second amended complaint has stated a cause of action against the defendant based on fraudulent representations, plaintiff signed an instrument in writing releasing the defendant of and from all acts and doings which the plaintiff has charged against him. No evidence was introduced by either of the parties. All of the allegations in the second amended complaint of the plaintiff, that the defendant had been guilty of fraud upon the plaintiff in connection with this hotel enterprise, are denied by the defendant in his answer thereto. All the allegations in plaintiff's pleadings that charge any wrongdoing on the

part of the defendant are denied. Just how the plaintiff can recover, in such circumstances, we are wholly unable to understand. The charge of fraudulent conduct upon which the plaintiff relies for recovery against defendant Grimes, in substance is that defendant's attorney, at a meeting of all of the parties interested, induced the plaintiff to execute his release of the defendant of the matters and things set up in the plaintiff's pleading in this case, by asserting that in his opinion, as to the law of the case, not as to any matter of fact, the plaintiff is not entitled to any relief.

The general rule is that a statement of opinion as to a matter of law is not the basis of an action for such relief as is prayed for in the present action. In his brief the plaintiff, however, on this point says: (1) The release pleaded by the defendant was obtained by fraud and so is not binding on the plaintiff; (2) there is no adequate consideration for the release. It is true that there was at least an attempt by the plaintiff, in his second amended complaint, to charge fraudulent conduct upon the part of defendant in obtaining this release. This was specifically denied in the defendant's answer and no evidence was heard upon the issue. As to the second ground, that there was no consideration for the release, the defendant's answer alleges that there was an adequate consideration therefor. No evidence was taken in behalf of the plaintiff on this issue. On such a record, a plaintiff is entitled to no relief.

In reaching our conclusion that the judgment below cannot be disturbed, we have not deemed it necessary to discuss a number of questions that have been argued by both parties, both as to questions of law and questions of fact. It is clear that plaintiff wholly failed to establish his case—there being no proof whatever of material controverted issues of fact. The judgment is therefore affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.