No. 12,823.

Metzger et al. *v.* Baker.

(24 P. [2d] 748)

Decided August 2. 1933.

Mr. James E. Garrigues, Mr. Harry W. Robinson, Messrs. Sarchet & McClain, for plaintiffs in error.

Mr. A. B. Manning, Mr. Donald F. Clifford, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as plaintiffs and defendant in error as defendant.

Plaintiffs bought a Denver drug store of defendant, and one Phipps, for $10,000. They brought this suit for

$5,000 damages which they alleged they had sustained by reason of false representations made to them in that sale. Phipps was not served and the cause went to trial against defendant alone. At the close of plaintiffs' evidence the court sustained defendant's motion for nonsuit and entered judgment accordingly. To review that judgment plaintiffs prosecute this writ.

The answer contained a general demurrer, and the court's findings were general. If, therefore, the complaint is vulnerable to the demurrer the judgment must be affirmed; if not, but the complaint is nevertheless unsupported by the evidence, the same result follows; otherwise the judgment must be reversed. The only valid assignments go to these points.

The misrepresentation relied upon was that a city zoning ordinance zoned the district in which the store was located as residential and prevented the establishment therein of another drug store, or the erection of additional business buildings, whereas there was no such ordinance, and shortly after the purchase another building was built and a drug store opened therein.

The price at which the sale was made was fixed by defendant before he met or negotiated with plaintiffs and before any representations concerning the ordinance had been made. Such alleged representations were only that such an ordinance existed at the time when defendant himself had purchased the business. There were other business buildings in the immediate vicinity. This was known to plaintiffs, but they made no inquiry as to the possibility of drug stores being opened therein. When the contract was executed plaintiffs were represented by counsel who testified that he knew the zoning ordinance did not prohibit the location of another drug store in such buildings. Plaintiff, Clara A. Metzger, gave as her reason for failing to investigate that possibility, ''I didn't think they would be foolish enough to come in within a block of me.'' She also gave it as her opinion

that the business was worth $10,000 if the representations had been true, but only about $5,000 if false. Her evidence in support of this conclusion, however, deals only with decreased sales after competition came, but leaves untouched most of the other elements which might have caused the decrease, and hence furnished no guide for determining damages. Six months after the deal was closed plaintiffs learned the new drug store was coming. Shortly thereafter they made a payment on the purchase price and protested. They were promptly answered with a denial of liability. Two months later the new store opened. They continued to make payments for some three months thereafter, then secured a new contract for decreased payments and under this they continued to pay for a year before bringing this suit. Plaintiff, Clara A. Metzger, who was the active participant in the negotiations and purchase, had some fourteen years' experience in the drug business and her investigations and negotiations concerning this transaction extended over a period of more than six months before the contract was executed.

▊ Whether there was an ordinance on the subject and if so what it permitted or forbade was a question of law, and the general rule is that a representation of law is a mere expression of opinion, impotent to avoid a contract or support an action for damages. "A representation of what the law will or will not permit to be done, is one upon which the party to whom it is made has no right to rely, and if he does so, it is his own folly, and he cannot ask the law to relieve him from the consequences. The truth or falsehood of such a representation can be tested by ordinary vigilance and attention. It is an opinion in regard to the law, and is always understood as such." / *Fish v. Cleland*, 33 Ill. 238, 243.

▊ This rule is, of course, subject to certain qualifications, such as special knowledge possessed by one and not available to the other; a fiduciary relationship; and

representations as to the law of a foreign state. But no one of these is here applicable. The ordinance was local, it was as open to plaintiffs as to defendant, the latter was not a lawyer, and there was no fiduciary relationship. Moreover, at the time and place of the execution of the contract plaintiffs were represented by counsel who knew that the ordinance, even if as represented, was scant, if any, protection to them. If a second drug store could be opened in the immediate vicinity, in a business building already erected and in use (which was the law and was known to their attorney), the injury to plaintiffs would be the same as if such a business were established in a structure thereafter erected. Again, that Mrs. Metzger made a thorough personal examination, gave months of consideration to the deal, consulted counsel, and concluded that no one "would be foolish enough to come in within a block" of her "removes the credence that otherwise might be given to" her "allegations of reliance on defendant's representations." *Nelson v. Van Schaack & Co.*, 87 Colo. 199, 286 Pac. 865.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.