166 So. 427

### DILLARD v. GILL et al.
### 8 Div. 708.

Supreme Court of Alabama.
March 5, 1936.

Taylor, Richardson & Sparkman, of Huntsville, for appellant.

Brickell & Johnston, Walter J. Price, and Chas. E. Shaver, all of Huntsville, for appellees.

KNIGHT, Justice.

The appeal in this cause is prosecuted from a decree of the circuit court of Madison county, dismissing the cross-bill of Mrs. John Gill Dillard, filed in that certain cause pending in said court, wherein the Birmingham Trust & Savings Company, as substituted trustee under the wills of James H. and John C. McAnelly, deceased, was complainant, and Mrs. John Gill Dillard, as executrix of the last will of Hattie McAnelly, and others were defendants.

It appears that the said James H. and John C. McAnelly, brothers, died in Madison county upward of twenty years ago, possessed of considerable estates. Under the will of each of the brothers, their sister, Miss Hattie McAnelly, was given a life estate in their property, but the same was to be held and managed by trustees named in the respective wills, with direction to pay to Miss McAnelly, during her natural life, the interest and income accruing from the property. From and after the death of their said sister the remainder of each of said estate (subject to a certain provision made for the benefit of Mrs. John Gill Dillard) was given, in equal parts, to the nephews and nieces of the testators, viz.: John Gill Dillard, Eugene R. Gill, Harry Gill, Helen Frost, William Gill, and James Gill. Eugene R. Gill and Harry Gill were to take in fee simple, while the others were to hold for life, with remainder to their children, if any, and in default of issue to the other nieces and nephews above mentioned.

Robert E. Spraggins, under appointment in each of said wills, became the trustee of said estates, and continued to act in that capacity for many years.

In 1929, two bills of complaint were filed in the United States court in the name of Helen Frost against the said Spraggins, seeking to have him to account for his acts and doings as such trustee under each of said wills. These causes were consolidated and proceeded to final decree.

Pursuant to one of the provisions of this decree, Mr. Spraggins made a final settlement of his trust, and retired from the trusteeship, and the Birmingham Trust & Savings Company was appointed to the office of trustee of both estates.

After its appointment and qualification as such succeeding trustee, the said Birmingham Trust & Savings Company filed an original bill in the circuit court of Madison county, praying for directions of the court in the administration of its trust, and in the distribution of the trust estate. At the time of the filing of this bill, the life tenant, Miss McAnelly, had died.

Mrs. John Gill Dillard, who was one of the devisees and distributees, in remainder, in each of said wills, filed her answer to the bill of the Birmingham Trust & Savings Company and made it a cross-bill against the Birmingham Trust & Savings Company, and against three of her codefendants, Mrs. Helen Frost, William Gill, and Harry Gill, seeking to fasten an equitable lien in her favor upon the shares of Mrs. Frost, and the said William and Harry Gill in the estates of James H. and John C. McAnelly, deceased. The cross-complainant based her asserted equitable claim upon three certain agreements executed, separately, by Mrs. Frost, and the said William and Harry Gill to Miss McAnelly in her lifetime, and which had been by her transferred and assigned to Mrs. Dillard. By these agreements, it would appear that the obligors agreed to reimburse Miss McAnelly for certain portions of an attorney's fee that she had incurred to Milton H. Lanier in the two consolidated cases, in equity, instituted, and then pending, in the District Court of the United States for the Northern Division of Alabama, and in which Mrs. Frost appeared as complainant and Robert E. Spraggins, Miss McAnelly, and others were named as respondents. These agreements appear to have been executed a short time before the termination of the litigation in the federal court.

It appears from the evidence in the cause that the life tenant, Miss McAnelly, had become greatly dissatisfied with the management of the trust estates by Mr. Spraggins, and that she initiated and brought about the litigation in the federal court. It further abundantly appears that, while Mrs. Frost was the ostensible complainant in the suit against Mr. Spraggins, in truth Miss McAnelly was the complaining party; and that she had prevailed upon Mrs. Frost to allow her to file the suit in the name of the latter in order to be able to proceed in the federal court, Mrs. Frost being the only interested party who was a nonresident of the state.

It further appears, and abundantly so, that Mrs. Frost consented that the suits might be prosecuted in her name only upon Miss McAnelly's assurance that she would

pay all costs and fees in the cases, and that Mrs. Frost would not be expected or required to pay any part of the same.

It appears, however, that a short while before the termination of the litigation, Miss McAnelly had prepared, and presented to the cross-defendants, agreements to reimburse her for certain portions of the fees. Mrs. Frost insists that she never signed this agreement, but we are of the opinion that she is mistaken in this contention. However, she further contends that if she did, in fact, sign the agreement to reimburse Miss McAnelly any part of the amount the latter was obligated to pay Mr. Lanier, as counsel fees and expenses, it was signed by her upon the statement and agreement on the part of Miss McAnelly that it would not be binding upon her, unless and until similar agreements were executed by all the interested parties, viz., Eugene R., Harry, William Gill, and James Gill, and Mrs. John Gill Dillard.

The said William Gill, Harry Gill, and Mrs. Frost in their answers to the cross-bill of Mrs. Dillard each set up, as a defense thereto, that the agreement was not to become a binding obligation upon any of them unless and until similar agreements were signed by all the parties, and they averred that such agreement was not signed by one of the parties, viz., Eugene Gill, and they, therefore, charged that said agreement never became a binding obligation upon any of them.

The evidence fully supports this averment of each of said answers.

The court on final submission of the cause denied relief to the cross-complainant under her cross-bill, and dismissed the same, and it is from this decree the present appeal is prosecuted. The only error assigned on the record by the appellant, Mrs. John Gill Dillard, presents for review the propriety of the court's decree in dismissing her cross-bill.

We are quite willing to agree with appellant that a misrepresentation of a matter of law, in the absence of a relation of confidence and trust on the part of the person making it, to the person relying and acting on it, or of some fact indicating imposition, is not a fraud which will vitiate a contract, for the law is presumed to be equally within the knowledge of both parties. Townsend v. Cowles, 31 Ala. 428; Beall et al. v. McGehee, Adm'r, 57 Ala. 438; Davis, Moody & Co. v. Betz, 66 Ala. 206.

We also agree that, if the instruments relied upon by appellant became binding and efficacious contracts, when they were signed by the named cross-respondents, they were, in the language and terms, sufficient to create a charge and equitable lien, in favor of Miss McAnelly, upon the respective shares of the parties, for the amount agreed to be paid by each.

To create a charge or lien, which a court of equity will enforce, the form of the agreement is not material. If it is the intention of the parties, appearing from the language of their agreement, when read in the light of the circumstances surrounding them at the time, to charge particular property, rights of property, or credits, with the payment of a debt or obligation, a court of equity will enforce payment of such debt or obligation against such property, rights of property, or credits. Newlin v. McAfee, 64 Ala. 357; Donald v. Hewitt, 33 Ala. 534, 73 Am.Dec. 431; Markham v. Wallace, 147 Ala. 243, 41 So. 304.

However, we are of the opinion that neither of the principles of law insisted upon by appellant has any application to this case.

In the first place, it is not charged by the appellees that any fraud was practiced upon them in securing their signatures to the obligations made the bases of appellant's asserted claims against them, but it is their contention that Miss McAnelly employed Mr. Lanier and his associates in the suits against Mr. Spraggins; that she in fact instituted the suits for her own benefit, and for the benefit of her own estate; and that the attorney's fees incurred were the primary obligations of Miss McAnelly; that they signed the agreement in question with the understanding and agreement that all the interested parties would sign similar agreements, and if all did not do so, then the agreement would not be binding on any of them. All did not sign. Therefore, they insist that the agreement never became effective.

The execution of the agreement to reimburse Miss McAnelly, in whole or in part, for the attorney's fees and expenses incurred by her in the suits in the federal court was not at all obligatory upon these appellees. They could have declined absolutely to execute the agreement, and, this being true, they could impose whatever conditions they saw proper to impose. O'Neal et al. v. Turner, County Treasurer,

230 Ala. 24, 158 So. 801; Birmingham News Co. v. Moseley, 225 Ala. 45, 141 So. 689; McConnon & Co. v. Kirby, 211 Ala. 440, 100 So. 764.

When the evidence and its tendencies are considered, the conclusion is inescapable that the agreements made in writing by the three cross-respondents, to reimburse Miss McAnelly in part for the amounts expended in the payment of counsel fees and expenses, never became binding obligations, for the reason that all the interested parties did not join in similar contracts, as contemplated they should do before the obligations should bind any.

The circuit court, therefore, properly held that the cross-respondent had no valid and enforceable claim or demand against any of said parties under the agreements brought forward in the cross-bill.

It follows that the decree dismissing the cross-bill must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.