25 So.2d 723

### BEST v. BEST.
### 4 Div. 397.

Supreme Court of Alabama.
April 18, 1946.

Lewis, Lewis & Lewis, of Dothan, for appellant.

Martin & Jackson, of Dothan, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to a bill in equity. The bill was filed by Clara Best (appellant) against W. C. Best (appellee) one of her sons, to cancel a deed made by her to him. It is alleged that she was the owner of the property at the time of the matters complained of in the bill. Further pertinent allegations of the bill are as follows: "That in November, 1943, she was living in said house as a homestead, and the defendant was living with her. That she was at said time of the age of 58 years, and had confidence in, and relied on the defendant for advice and comfort; and she avers de-

fendant in order to obtain the advantage of plaintiff, and get a deed to said property, willfully deceived plaintiff to believe that her other children, six in number, could get a division of said property, the same having been deeded to her by her husband W. W. Best, who was then deceased, telling plaintiff if she would deed the property to him, it would prevent a division of said property, and she and her unmarried sons would have a home as long as they lived; that not knowing the words 'and her heirs' stated in the deed, did not lessen her right and title to said property, and being misled by the defendant she executed a deed to him to said property on to-wit: the 29th of November, 1943, for the recited consideration of One Dollar ($1.00) which was never paid, and love and affection, with no reservation of a life estate for herself and other boys, who were as much entitled to a share of said property as the defendant. That said representation of defendant was made with the purpose to deceive plaintiff and did deceive. That he has been in possession of said property since the execution of said deed, enjoying the rents and profits; that is the reasonable rental thereof, having married since the execution of said deed, and is still in possession thereof, denying the right of her said other children to occupy the same with him. That the defendant employed the lawyer, paid him for drawing up the deed, and generally supervised the execution of said deed by plaintiff."

The demurrer attacks the bill in substance on the ground that it does not allege facts showing misrepresentation of the contents of the deed by the defendant to plaintiff; does not aver facts showing that defendant misled plaintiff; does not allege facts showing fraud, does not show misrepresentations alleged to be false and known to be false by the defendant; that the allegations, "she and her unmarried sons would have a home as long as they lived," and "that said representation of defendant was made with the purpose to deceive plaintiff and did deceive" are respectively uncertain and insufficient to charge fraud.

It is true that facts must be alleged from which the court can see that fraud has intervened and since this is so general allegations and conclusions of law as to fraud are considered insufficient. Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606. But it is equally true that this requirement in pleading does not contemplate that the detailed evidence by which the pleading is to be proved must be alleged. Williams et al. v. Williams, 238 Ala. 637, 193 So. 167.

When the foregoing allegations are considered together, we think they are sufficient to state a case of fraud. They show a confidential relationship and the reliance of a mother on her son. They show injury to the mother and benefit to the son growing out of a transaction between them. Courts of equity never cease to look with suspicion on transactions where such is the relationship and such is the result of transactions between the parties. Ferguson pro ami v. Lowery et al., 54 Ala. 510, 25 Am. Rep. 718; Brasher v. First Nat. Bank of Birmingham, 232 Ala. 340, 168 So. 42.

But it is claimed that the rights of appellant were peculiarly within her own knowledge, that she was charged with knowledge of her own deed and her own title, and that misrepresentation of law creates no cause of action. We consider, however, that the misrepresentation here alleged constitutes an actionable misrepresentation.

"It has been said that misrepresentation or concealment as to matter of law cannot constitute remedial fraud, because everyone is presumed to know the law, and therefore cannot in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion on which the hearer has no right to rely. Further, it has been held that a charge of fraud cannot be predicated on an honest error in a statement of the law. But misrepresentations involving a point of law will be held actionable misrepresentations of fact if it appears that they were so intended and understood as where they amounted to an implied assertion that facts existed which justified the conclusion of law expressed * * *." Clayton v. Glasscock, 221 Ala. 3, 127 So. 538,

539. See also 37 C.J.S., Fraud, § 55, p. 326.

And this view is strengthened by the allegations showing a confidential relationship between the one making the misrepresentation and the one relying on it. Dillard v. Gill, 231 Ala. 662, 166 So. 430; Id., 231 Ala. 675, 166 So. 427; Georgia Home Ins. Co. v. Warten, 113 Ala. 479, 22 So. 288, 59 Am.St.Rep. 129; Beall v. McGehee, Adm'r., 57 Ala. 438; 37 C.J.S. § 55, p. 327.

■ It is pointed out there is nothing to show misrepresentation of the contents of the deed which was executed by appellant. This was not necessary. Here the misrepresentation goes to the consideration and to the inducement and accordingly presents a case for equitable interference. Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555; Fuller v. Scarborough, 239 Ala. 681, 196 So. 875.

We do not consider that the demurrer points out substantial defects in the bill and accordingly conclude that the court was in error in sustaining the demurrer to the bill.

Reversed and remanded.

GARDNER, C. J.., and FOSTER and LAWSON, JJ., concur.