## HEMBRY v. PARRECO et al.
### No. 1041.

Municipal Court of Appeals for the District of Columbia.

Argued April 23, 1951.

Decided May 9, 1951.

James F. Bird, Washington, D. C., for appellant.

Lewis H. Shapiro, Washington, D. C., for appellees Parreco and Joseph Sitnick, Washington, D. C., for appellee Scamoni.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Verdict having been directed against him on the opening statement of his counsel in an action charging fraudulent misrepresentations, plaintiff brings this appeal.

His complaint set out at considerable length the details of his claim. Highly condensed, the allegations were these: That the defendant Scamoni, in association with defendants Parreco, was engaged in excavating, loading, unloading and hauling dirt in nearby Montgomery County, Maryland; that defendant Scamoni in his own behalf and in behalf of defendants Parreco employed plaintiff to furnish a truck for such operations "under supervision and direction of said defendants" for an hourly consideration to be paid "by defendants James Parreco & Sons for distribution to plaintiff through defendant Joseph Scamoni." The complaint went on to recite: "Defendant Joseph Scamoni, for himself and in behalf of the other said defendants, with reckless disregard as to facts and truth, wrongfully represented to and assured plaintiff that, for the performances of the above described work, he would not need any additional or Maryland State licensing, registration or qualification; that, by provision and arrangement accorded by the Maryland State authorities, drivers of trucks in the service of de-

fendants known as James Parreco & Sons in that area, with tags, licenses and qualifications in conformity with District of Columbia requirements, were permitted and authorized to work and to load, haul and unload materials in that area of Maryland without license, registration or qualification in Maryland; that, because he had talked to defendants Parreco and had been reassured that such aforesaid provision and arrangement would cover the work and employment to be assigned plaintiff in that area of Montgomery County, Maryland, he could proceed to and go about such said work free and independent of Maryland officers or authorities, because of his being duly qualified and licensed in accord with law in the District of Columbia, as defendants well knew; that defendants known as James Parreco & Sons were big men in their excavation operations and had reciprocity accorded them in Maryland for District of Columbia truck operators and drivers."

There followed allegations that relying upon said representations plaintiff proceeded to work on the job as directed and was arrested by a Maryland state trooper on the charge that he had no registration under Maryland law for driving his truck on defendants' job; that he could not furnish collateral of $107.50 which was demanded of him; that defendants were notified of his plight but failed to come to his assistance by posting the collateral or furnishing a required bonding fee of $20; that he was kept in jail for several hours until his family and friends provided bond for his release, and that he was later fined for the offense. He demanded damages for his expenses, loss of time, inconvenience, and humiliation. We have referred to and quoted from the complaint because the trial judge in the statement of proceedings approved by him has twice recited that the opening statement to the jury followed and offered to support the allegations of the complaint with proof, and because in the argument on the motion for directed verdict all counsel relied on the complaint as reciting the basis of plaintiff's cause of action.

In addition, the stenographic transcript reveals that plaintiff's attorney, during the course of his opening statement and also responding to questions by the judge and arguments by opposing counsel, said that he would prove that defendant Scamoni represented to plaintiff among other things that he, Scamoni, was sending his trucks on the job with D. C. tags and "that this was a job that would be safe for operation under D. C. tags;" that this was a "reckless representation;" that the Parreco firm as well as Scamoni "both gave this man [the plaintiff] instructions and told him what to do and where to go and promised him that he would be safe. He is the man that raised the question himself, but he took the word of his superiors, his employers, that he could do this and it was a place that would be safe;" that if they were mistaken about this representation, "they were reckless in their mistake;" that Scamoni "was either misled or awfully reckless;" that in response to plaintiff's question, "He tells him they have reciprocity arrangement with Maryland and where this job is it is all right." Counsel also quoted Scamoni thus: "He says this will be perfectly safe, he's already investigated it. The same man that claims he has investigated it, made particular inquiry of the very thing that he is asking about and tells him to go ahead." Counsel further said he expected to prove that this was one of plaintiff's first trucking experiences, "that he was misguided, misled, and misinstructed recklessly;" that plaintiff was assured "this was a safe job, and that the Parreco brothers had comity or reciprocity for this particular job with the State of Maryland;" and that plaintiff went on the job and took orders from a foreman for Parreco as to where to drive in and fill his truck with dirt and where to take it and haul it and empty it, and that in the hauling of this dirt he had to go out on the highway and it was then that he was arrested.

Despite the foregoing offers of proof, the trial judge refused to permit plaintiff to proceed with his evidence, allowed him only $38.25 which was admittedly due for the use of his truck, and directed a verdict as

to the balance of the claim in favor of both defendants.

 We must rule that the decision was wrong. We need not stress the oft-repeated rule that directing a verdict on an opening statement is "an extreme measure and trial judges should invoke it most cautiously, for the opening statement is to be construed liberally and favorably to plaintiff's case." Evans v. Prentice, D.C.Mun. App., 79 A.2d 396, 397; Custer v. Atlantic & Pacific Tea Co., D.C.Mun.App., 43 A.2d 716.

In essence, plaintiff offered to prove that Scamoni, in his own behalf and by authority of his associates on the Maryland project, the co-defendants, assured plaintiff that it was safe to take his truck on the job, that his D. C. license was enough, that because of an arrangement of comity or reciprocity enjoyed by the Parreco firm he could, without danger of arrest, engage in that work; that the representations were false; that they were made recklessly or without knowledge of the true facts; that plaintiff acted upon such misrepresentations and suffered the damages we have described.

 We recognize at once that it is the general rule that misrepresentations as to matters of law do not ordinarily support an action for damages. Mutual Life Insurance Co. v. Phinney, 178 U.S. 327, 20 S.Ct. 906, 44 L.Ed. 1088; Travelers' Protective Ass'n of America v. Smith, 183 Ind. 59, 107 N.E. 283; Furman v. Keith, Tex. Civ.App., 226 S.W.2d 218. But there is a clear and well-recognized exception to that general rule when one undertakes to represent what the law is in another or "foreign" jurisdiction. Such misrepresentations are regarded not as mere matters of opinion but as representations of fact, and hence actionable. Several carefully considered decisions support this view. Travelers Ins. Co. v. Eviston, 110 Ind.App. 143, 37 N.E.2d 310; In re Miller's Will, 162 Misc. 563, 295 N.Y.S. 943, affirmed 252 App.Div. 872, 300 N.Y.S. 798; Metzger v. Baker, 93 Colo. 165, 24 P.2d 748; Epp v. Hinton, 91 Kan. 513, 138 P. 576, L.R.A. 1915A, 675; Best v. Best, 247 Ala. 627, 25

So.2d 723. As we have recently held, relief may be granted when one having or professing to have superior knowledge undertakes to make representations concerning a matter of law, which later prove false. Dixon v. Dodd, D.C.Mun.App., 80 A.2d 282, and cases there cited. It is to be noted that a significant part of the misrepresentation offered to be proved was entirely one of fact: that the Maryland authorities had agreed to permit trucks of defendants and those working for them to come onto the project without Maryland tags. If there were nothing else in the case this, if proved, would support a recovery. See Restatement, Torts, Vol. 3, Sec. 545 (2), comments d and e.

 Such being the applicable rules of law, we think the learned trial judge was wrong in refusing to permit plaintiff to go ahead with his proof. Plaintiff's evidence should have been heard and the factual basis of his case fully developed and then subjected to the usual tests to see whether a prima facie case had been presented.

Reversed.