No. 19,169.

NESTOR CHACON, ET AL. *v.* GEORGE A. SCAVO, ET AL.
(358 P. [2d] 614)

Decided December 30, 1960.

Messrs. ROBINSON & ROBINSON, for plaintiffs in error.

Mr. JOSEPH N. LILLY, for defendants in error George A. Scavo and Arthur C. Valente.

Mr. ROBERT J. KIRSCHWING, for defendant in error William A. Sarconi.

*In Department.*

Opinion by Mr. CHIEF JUSTICE SUTTON.

THE parties appear here in the same order as in the trial court.

The essence of plaintiff's complaint is that they had entered into a contract with defendants whereby they were to receive building sites, and that because of city

restrictions the land could not be used for the construction of houses. The complaint was based on three alternate theories: failure of consideration, mutual mistake, and misrepresentation. The trial court granted a motion for summary judgment dismissing the complaint. To review that judgment plaintiffs prosecute this writ of error.

■ The applicable rule has been well expressed by this court in *Metzger v. Baker* (1933), 93 Colo. 165, 24 P. (2d) 748:

"Whether there was an ordinance on the subject and if so what it permitted or forbade was a question of law, and the general rule is that a representation of law is a mere expression of opinion, and impotent to avoid a contract or support an action for damages. 'A representation of what the law will or will not permit to be done, is one upon which the party to whom it is made has no right to rely, and if he does so, it is his own folly, and he cannot ask the law to relieve him from the consequences. The truth or falsehood of such a representation can be tested by ordinary vigilance and attention. It is an opinion in regard to the law, and is always understood as such.' *Fish v. Cleland,* 33 Ill. 238, 243."

There is nothing before us to show that these plaintiffs come within any of the exceptions recognized by the law to this rule.

■ Plaintiffs here are experienced builders and were represented by counsel at the time they executed this agreement with defendants. Had they chosen to do so they could have determined the matter to their own satisfaction before entering into the contract. The fact that they did not do so, but relied on representations of the other party, does not entitle them to legal redress.

The judgment is affirmed.

MR. JUSTICE KNAUSS and MR. JUSTICE FRANTZ concur.