TWO, INC., Plaintiff-Appellant,

v.

John F. GILMORE, d/b/a The Jerome Hotel, Defendant-Appellees.

No. 81CA0916.

Colorado Court of Appeals, Div. I.

Feb. 23, 1984.

Anderson, Calder, Lembke & Sandman, Jeffrey Sandman, Denver, Thomas E. Cirkal & Associates, David B. Wilson, Denver, for plaintiff-appellant.

Holland & Hart, James T. Moran, Aspen, for defendant-appellee.

PIERCE, Judge.

Plaintiff, Two, Inc. (Two), appeals a judgment entered for defendant, John F. Gilmore, d/b/a The Jerome Hotel (Gilmore), in this action for deceit based on fraud. We affirm.

Because it was interested in purchasing or operating an Aspen discotheque, Two contacted Gilmore to negotiate a lease for space available in the Jerome Hotel. Two's president testified, "We always asked for a lease." Gilmore indicated to Two that a "management agreement" was tantamount to a lease in Aspen and, further, that such an agreement would allow them to share Gilmore's liquor license. The parties executed a management agreement in November 1974.

A short time after this agreement was signed, a state liquor enforcement official met with the individual operating a restaurant located in the same hotel under a management agreement similar to that between Two and Gilmore. Gilmore was also a party to the restaurant agreement. Concern about the legality of this agreement had been expressed to Gilmore by a liquor enforcement official early in 1974. Because this management agreement did not conform with state liquor codes, the official requested that a new agreement be executed by the parties, which was done by mid-January 1975.

In February 1975, a liquor enforcement official contacted Two and reviewed the terms of its agreement. The official expressed his concern about the arrangement at that time, and later, contacted Gilmore concerning a new agreement.

Thereafter, Gilmore contacted Two, and although the parties attempted to negotiate a new agreement, an impasse occurred over the liquor license. After Gilmore indicated he would notify liquor distributors that Two did not have a license to buy or sell liquor, Two removed what property it could from the disco and abandoned the premises. Thereafter, seeking damages on grounds of deceit based on fraud, Two filed this lawsuit.

After a trial to the court, the court entered detailed findings of fact reflecting the above events, all of which are supported by the record upon review and will not be disturbed on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

The trial court also concluded, as a matter of law, that Gilmore's representation to Two that a management agreement was tantamount to a lease and would allow for the sharing of liquor license privileges, was a representation of law, and therefore, not actionable. We agree.

A representation of law is only an expression of opinion and is impotent to void a contract or support an action for damages. *Chacon v. Scavo*, 145 Colo. 222, 358 P.2d 614 (1960). A representation of what the law will or will not permit to be done is one upon which the party to whom it is made has no right to rely. If he does so it is at his own risk. The truth or falsehood of such a representation can be tested by

ordinary vigilance and attention. *Metzger v. Baker*, 93 Colo. 165, 24 P.2d 748 (1933). Therefore, the fact that Gilmore's opinion as to the state of the law had previously been questioned by others is no bar to his defense against this deceit claim. *Chacon v. Scavo, supra; see Colo.J.I.* 19:1 et seq., (2d ed. 1980).

Here, Gilmore's representation to Two constitutes an individual's belief and opinion concerning statutes controlling the dispensation, purchase, and sale of liquor. Therefore, under the facts of this case, Two cannot obtain remedial relief. *See Stenmark v. Grimes*, 91 Colo. 559, 17 P.2d 529 (1932).

Accordingly, the judgment of the trial court is affirmed.

BERMAN and METZGER, JJ., concur.