Randolph L. SEAL and Jil M. Waldera–Seal, Plaintiffs–Appellees,

v.

Lois B. HART, Defendant–Appellant.

Lois B. HART and Arn Hart, Counterclaim Plaintiffs–Appellants,

v.

Randolph L. SEAL, Jil M. Waldera–Seal, Moore & Co., a Colorado corporation, and John L. Becker, Counterclaim Defendants–Appellees.

No. 86CA0443.

Colorado Court of Appeals, Div. III.

April 21, 1988.

Fred C. Brigman, Jr., Boulder, for defendant-appellant and counterclaim plaintiffs-appellants Lois B. Hart and Arn Hart.

Cooper and Kelley, P.C., Bernard B. Sapp, Denver, for counterclaim defendants-appellees Moore & Co. and John L. Becker

John L. Springer, Aurora, for plaintiffs-appellees and counterclaim defendants-appellees Randolph L. Seal and Jil M. Waldera–Seal.

STERNBERG, Judge.

This is an appeal from summary judgments entered on a suit brought on a promissory note. The trial court ruled in favor of the holders of the note and also dismissed the defendants' counterclaim. We reverse.

The plaintiffs, Randolph L. Seal and Jil M. Waldera–Seal (sellers), listed for sale property consisting of a main building containing separate upper and lower living areas and a cabin. The listing was with defendant John L. Becker (agent) and his employer, Moore & Company (broker). The defendants, Lois B. Hart and Arn Hart (purchasers), bought the property in April 1984. They paid $73,000 in cash, assumed a first deed of trust of $33,000, and executed a note payable to the sellers for $37,000. They asserted that the agent and the sellers represented to them that both units in the main building and the cabin could be rented on a short term basis to vacationers.

Six months later, county officials informed the purchasers they were in violation of zoning regulations in attempting to rent the upper unit in the main building,

and that the cabin could not be used for rental purposes. Thereupon, the purchasers, through counsel, demanded that the sellers and the broker and agent rescind the transaction. When the purchasers suspended payments on the promissory note, the sellers filed this suit on the note. The purchasers counterclaimed against the sellers, the agent, and the broker, seeking to rescind the transaction and for recovery of the purchase price, plus incidental damages and expenses, as well as punitive damages.

The sellers moved for summary judgment on October 15, 1985, and the agent and broker did so on November 19, 1985. The court set the motions to be heard on January 14, 1986, and established a briefing schedule. On January 13, well beyond the time specified in the briefing schedule, the purchasers filed their responses to the motions for summary judgment. Following oral argument on the motions, the court granted summary judgment in the amount due on the note, including attorney fees, and dismissed the purchasers' counterclaims.

■ In its ruling, the trial court correctly stated that for the purposes of the summary judgment motions, the plaintiffs accepted the allegations of the purchasers as true that the plaintiffs had made misrepresentations concerning the permitted uses of the property. Nevertheless, the court concluded that the misrepresentations were of law, not fact and, therefore, were not actionable. We agree that the misrepresentations were legal in nature. *See Chacon v. Scavo,* 145 Colo. 222, 358 P.2d 614 (1960). *Cf. Kunz v. Warren,* 725 P.2d 794 (Colo. App.1986); *Two, Inc. v. Gilmore,* 679 P.2d 116 (Colo.App.1984).

■ However, as noted by the trial court, there are two exceptions to the general rule that misrepresentations of law are not actionable: (1) where the party making the misrepresentation has or professes to have superior knowledge which is not reasonably available to the person to whom the representation is made, or (2) where the parties are in a confidential or trust relationship. *See Chacon v. Scavo, supra; Metzger v. Baker,* 93 Colo. 165, 24 P.2d 748

(1933); *Parks v. Bucy,* 72 Colo. 414, 211 P. 638 (1922).

We disagree with the trial court ruling that these exceptions, as a matter of law, do not apply in this case. In our view, factual issues exist which preclude resolution of the case by summary judgment. Determination of whether the plaintiffs, or any of them, in making the misrepresentation had or professed to have superior knowledge which is not available to the purchasers, must be resolved by the trier of fact.

■ In their counterclaim, the purchasers alleged that they contacted the agent "solely because of their reliance upon the reputation of ... [the broker]." A real estate broker and agent may have a relationship with both the seller and purchaser such that a dual agency exists. *Rohauer v. Little,* 736 P.2d 403 (Colo.1987). Determination of this issue is one of fact. *Victoria Realty Group, Inc. v. Ironwood IX,* 713 P.2d 424 (Colo.App.1985). Thus, evidence could well be adduced that one or more of the plaintiffs professed to have superior knowledge, not reasonably available to purchasers, or that there was a dual agency involved, which, if accepted by the trier of fact, could lead to a verdict in favor of the purchasers.

As an alternative basis for its ruling, the trial court held that the summary judgment motions had been confessed because the purchasers were late in filing their responses to the motions. Determination of the correctness of this ruling involves interpretation of seemingly conflicting provisions of two rules of civil procedure. Under C.R.C.P. 121 § 1–15, which covers motions made prior to trial, a trial court may strike a late response to a motion and deem the motion confessed. C.R.C.P. 56, which relates specifically to summary judgments, places the burden on the movant to show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

■ Summary judgment is a drastic remedy to be granted only if there is a complete absence of any genuine issue of fact.

*Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo.1987); *Abrahamsen v. Mountain States Telephone & Telegraph Co.,* 177 Colo. 422, 494 P.2d 1287 (1972). A litigant should not be denied a trial if there is the slightest doubt as to the facts. *Smith v. Mills,* 123 Colo. 11, 225 P.2d 483 (1950). In *Sullivan v. Davis,* 172 Colo. 490, 474 P.2d 218 (1970), using language applicable here, the court noted that summary judgment should not be used as a substitute for trial. It stated that summary judgment should be used to test, not the bare legal jargon of the pleadings, but the intrinsic merits of the case to determine whether in actuality there is a real basis for relief or defense.

In *Ginter v. Palmer & Co.,* 196 Colo. 203, 585 P.2d 583 (1978), a case in which no response was filed to a motion for summary judgment, the supreme court held that the burden still existed on a movant to establish that no genuine issue of material fact existed. In so holding, the court noted that:

> "Only if the moving party meets his burden of establishing that no genuine issue of any material fact exists is a case appropriate for summary judgment. Unless the moving party meets his burden, *the opposing party may, but is not required to submit an opposing affidavit.*" (emphasis added)

■ Considering the drastic nature of the remedy of summary judgment, and the fact that a specific rule should govern over a general one, we conclude that the provisions of C.R.C.P. 121 concerning *confession* of a motion by not filing a response thereto, are inapplicable to a motion for summary judgment under C.R.C.P. 56. *See Murphy v. Dairyland Insurance Co.,* 747 P.2d 691 (Colo.App.1987). *Cf. Conrad v. Imatini,* 724 P.2d 89 (Colo.App.1986) (court may order evidence or witness stricken for late filing).

■ Because it may arise on trial of this case, we address the purchasers' contention that the trial court erred in dismissing as a matter of law their claims for punitive damages. Exemplary damages are not available in actions in equity. *See Mortgage Finance, Inc. v. Podleski,* 742 P.2d 900, (Colo.1987) (fn. 5); *Miller v. Kaiser,* 164 Colo. 206, 433 P.2d 772 (1967); *Defeyter v. Riley,* 671 P.2d 995 (Colo.App.1983). Thus, the trial court was correct in dismissing, as a matter of law, the exemplary damages claim of the purchasers.

The judgments are reversed and the cause is remanded for trial on the merits.

VAN CISE and JONES, JJ., concur.