ANDERSON SAVINGS BANK, Appellee, v. H. H. HOPKINS,
Appellant.

**PLEADING:**  Waiver—Pleading Over.  Error in sustaining motions
1  to strike is waived by so pleading over as to comply with the rul-
ing of the court.

**EVIDENCE:**  Opinion Evidence—Value of Corporate Stock.  A witness
2  may not testify to the value of corporate stock when, as far as any
showing is concerned, he has no knowledge of the market quota-
tions of said stock, no knowledge that said stock has any market
value, and, in short, no knowledge concerning said stock and its
value, beyond the fact that he has four times offered his stock
for sale without securing a buyer.

**BILLS AND NOTES:**  Bona-Fide Holder—Presumption.  The obliga-
3  tion of the indorsee of negotiable promissory paper to show his
good-faith holdership arises *only* when the defendant maker pre-
sents a jury question on the issue of fraud in the inception or
negotiation of the note.

*Appeal from Fremont District Court.*—O. D. WHEELER and J.
B. ROCKAFELLOW, Judges.

APRIL 3, 1923.

ACTION on a promissory note. A directed verdict was en-
tered on motion of the plaintiff at the conclusion of defendant's
testimony and judgment entered against the defendant for costs.
Defendant appeals.—*Affirmed.*

*North & Donovan* and *Vernon Johnson,* for appellant.

*Kimball, Peterson, Smith & Peterson* and *Thornell & Thor-
nell,* for appellee.

DE GRAFF, J.—This appeal involves the correctness of the
ruling of the trial court in directing a verdict for the plaintiff,
who, as indorsee stated a cause of action against the defendant,
as maker of a certain promissory note, in the sum of $2,500.
Defendant in answer denied the material allegations contained

in the petition, and specifically pleaded fraud in the inception of the note. Attacks by motion were made respectively by plaintiff and defendant, and in these preliminary skirmishes plaintiff was the primary aggressor. Resulting from plaintiff's motion to strike certain allegations of the defendant's answer an amended and substituted answer was filed which was subject to further motions to strike and for more specific statement. In compliance to the ruling of the trial judge thereon defendant filed a second amended and substituted answer to which an amendment was made before trial. Thereupon plaintiff filed a reply in which it is alleged that plaintiff is a holder in due course predicating its status by a recital of facts in conformity to the essential elements defined by the statute. Defendant interposed a motion to strike the reply which was overruled by the court. The issues having thus been joined trial was had. Plaintiff introduced the note in evidence and rested. This was all the law required him to do at this stage of the proceeding. The note in suit was order paper, negotiable in form, duly indorsed, and in the possession of the indorsee who was plaintiff in the action.

The defendant then took the burden of proof to establish the fraud pleaded in his answer. Unless the essential elements of the fraud pleaded were established by the defendant the plaintiff was not obligated under the provisions of the statute to assume the burden to sustain the allegations in its reply.

The primary errors relied upon for a reversal involve (1) the rulings of the court on the motions of the plaintiff to strike certain allegations contained in the answer and in the first amended and substituted answer of the defendant and (2) the sufficiency of the proof offered by the defendant to sustain his allegations of fraud.

The first proposition suggests no difficulty of solution. The second amended and substituted answer was filed presumably in conformity to the rulings of the court on plaintiff's motion to strike certain matters from the answers previously filed. It must be said that the issues embodied in the second amended and substituted answer to plaintiff's petition are the only ones tendered by the defendant in this case. The several assignments of error based

1. PLEADING: waiver: pleading over.

on the rulings of the court in sustaining plaintiff's motions to the previously filed answers of the defendant are not subject to review by this court. Defendant attempted to comply with these rulings by pleading over, and regardless of the correctness of the rulings of the trial court, the error if any must be considered waived. This is the intendment of the law. If error, it is not reversible error. This court has repeatedly affirmed this doctrine. In brief, a substituted pleading supersedes all other and prior pleadings of the same character and caliber.

We now turn to the second point on this appeal. Did the defendant establish the fraud pleaded? It may be stated that the allegations of fraud *per se* are sufficient to constitute a de-

2. EVIDENCE: opinion evidence: value of corporate stock.

fense as a matter of pleading. Pleadings are not proof. We must therefore critically study the record to determine whether the plea has been sustained by the evidence.

We deem it unnecessary to incumber this record with the numerous allegations of fraud or the evidence offered in support thereof. Fraud pleaded as a defense in an action to recover on a note has the same essential ingredients as fraud in any other action, and the proof must conform to these essentials. The representations must be material, false, and refer to an existing or past fact. The representations must be made by a person knowing them to be false or made under such circumstances that knowledge of their falsity is imputed to him. They must be made by the representer with the intent that the other party will act upon them, and he must act thereon to his loss or damage.

The record discloses no evidence of the falsity of the alleged representations upon which fraud is predicated, except the testimony of one witness as to the value of the stock which was agreed to be sold to the defendant and for which the note in suit was executed and delivered in part consideration thereof. This evidence was on motion of the plaintiff stricken by the trial court. The essence of the objection to the question and to the answer which was stricken involves both the competency of the witness and the testimony.

It appears that one Miller was called as a witness to testify as to the value of the corporation stock which the defendant was

under contract to purchase. His only knowledge of its value at a certain time was obtained through the efforts of the witness to sell his own stock issued by the same corporation. This witness testified that he had called upon a banker in Des Moines and made an offer of sale, then to an officer of the issuing corporation, then to someone in the state of Missouri, and also to a fellow-citizen in his home town. The witness was not a stock broker or a dealer in stock, nor does he show any knowledge of market quotations or that the stock had a market value. Stock certificates are not commodities with which the ordinary citizen is acquainted, nor is he ordinarily in a position to judge of the market value thereof. Stock value is primarily dependent on the amount of property and assets owned by the corporation with a consideration of its debts and liabilities. The fact that the owner of stock certificates desires to sell and an offer is made to one who does not desire to buy would be negligible in tending to prove the market price or value. To state as a result of such an offer or offers that the stock in question is valueless would be a mere conclusion without probative force in determining market value. The latter term contemplates a market, which means a fairly well defined territory in which the law of demand and supply operates. When we speak of demand we mean an effective demand, and a market is not created or affected unless the person in question is seeking the commodity and is in a reasonable position to satisfy his desire by purchase or exchange.

The testimony bearing on the question of value in the instant case is mere opinion or conclusion. It was not the best evidence of which the case was susceptible. The witness himself did not qualify as a competent witness to testify on the matter of value. For these reasons the trial court was not in error in sustaining the objections and the motion of plaintiff in this particular.

Another difficulty in the evidence lies in the fact that the falsity of none of the alleged fraudulent representations was established, nor is there any competent proof that the persons who are claimed to have made the representations knew them to be untrue, if in fact false.

We have no difficulty in reaching the conclusion that the

defendant was a victim of a promotion scheme and suffered a loss in the purchase of the stock in question, but the conclusion of a court cannot be made the substitute for evidence necessary to sustain a defensive plea. The law presumes that the plaintiff is a holder in due course, and the burden of proof is cast upon him to sustain his position only in the event that the defendant has pleaded and proved fraud in the inception of the note or in the negotiation of it that warrants a submission of the question to the jury. The defendant having failed to prove the essentials of the fraud pleaded there was but one thing which the court could legally do—direct a verdict for the plaintiff. Wherefore the judgment entered is—*Affirmed.*

3. BILLS AND NOTES: bona fide holder: presumption.

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.