ASHALTER v. PETERSON.

1. SALES—FRAUD—RESCISSION.
   Representations made as an inducement to purchase, if false in fact and relied on by the purchaser, afford ground for rescission and recovery of the sums paid.

2. FRAUD—MAY NOT BE PREDICATED ON FAILURE TO KEEP PROMISE.
   An action for fraud may not be predicated on failure to keep a promise to do something in the future, since it is not a misrepresentation of an existing fact.

3. SALES—FRAUD—WRITTEN CONTRACT—WARRANTY.
   Representations in the nature of warranties antecedent to the contract may not be urged as fraud in cases where the contract is in writing, and contains specific warranties.

¹Sales, 35 Cyc. pp. 63, 66, 130; 37 L. R. A. 593; 24 R. C. L. 334; ²Fraud, 26 C. J. § 25; ³Sales, 35 Cyc. p. 380.

4. SAME—RESCISSION ON ORAL WARRANTY NOT JUSTIFIED WHERE
   WRITTEN CONTRACT CONTAINED SPECIFIC WARRANTIES.

   A contract in writing for the sale of foxes, which con-
   tained many specific warranties but none concerning the
   ages of the foxes sold, may not be rescinded on the ground
   of fraud, in that the seller, before the sale, orally repre-
   sented that the foxes to be delivered were born in a
   certain year, whereas in fact they were born from one
   to three years earlier, where no foxes were shown to the
   purchaser at the time of the purchase.

Error to Muskegon; Vanderwerp (John), J.    Sub-
mitted June 10, 1927.    (Docket No. 68.)    Decided
July 29, 1927.

Case by Pearl M. Ashalter against Elmer J. Peter-
son for breach of a contract of sale.    Judgment for
defendant *non obstante veredicto.*    Plaintiff brings
error.    Affirmed.

*Fred R. Everett* and *Christian A. Broek,* for appel-
lant.

*Cross, Foote & Sessions,* for appellee.

SHARPE, C. J.    On April 10, 1922, the parties hereto
entered into a written contract for the sale by defend-
ant and purchase by plaintiff of—

"one pair of silver black fox (one male and one female
to constitute each pair).

"Said fox to be from Prince Edward Island stock;
pedigreed; registered; of standard size; well developed
and bred to produce true to type; and to be paired with
reference to the production of a high grade pelt value;
and to be of a type running, as near as may be, from
one-half to two-thirds raven-blue black and the balance
silver (so-called) in color."

The plaintiff agreed to pay therefor the sum of
$2,500 in cash.    The contract further provided:

---

[4]Sales, 35 Cyc. p. 380.
    240—Mich.—5.

"The seller agrees to keep, ranch and care for said fox, and their offspring, at the ranching rate hereinafter specified, until October 1, 1923, and guarantees said buyer either an increase of one hundred per cent. (100 per cent.), through offspring, within said period, or to make up such guaranteed increase, in fox of the same standard qualifications as the stock originally purchased hereunder by the buyer, without further charge."

A contract for the purchase and sale of another pair of foxes was entered into between the same parties on April 25, 1922. It differs from that of April 10th only in the terms of payment. Both contracts provided that the plaintiff should remove the foxes between the 1st and 5th of October, 1923, unless a renewal contract for the ranching of them by defendant should be theretofore entered into. At plaintiff's request, defendant, in April, 1924, furnished her with certificates of pedigree and registration of the foxes to which she was entitled as he claimed, signed by the officers of the National Silver Fox Breeders' Association of America.

It is plaintiff's claim that defendant orally agreed that the foxes to be delivered to her should be foxes born in the spring of 1922; that she made an effort to sell them some months after receiving the registration papers, and then became aware for the first time that those for which she had received such papers were born in an earlier year. After some negotiations for settlement, plaintiff gave notice of the rescission of the contracts by her for the reason that the foxes mentioned in the contract "were to be silver black pups born in the spring of 1922," whereas the registration papers furnished her showed that they were born in 1919 and 1921, and brought this action to recover the sums paid. Both parties moved for a directed verdict. The case was submitted to the jury, who found for the plaintiff. Judgment was

thereafter entered for defendant *non obstante veredicto* on his motion, which had been reserved.   Plaintiff reviews by writ of error.

Plaintiff invokes the rule that representations made as an inducement to purchase, if false in fact and relied on by the purchaser, afford ground for rescission and recovery of the sums paid.   To this rule this court is committed.   *Bucannan* v. *Raymond,* 224 Mich. 462; *J. B. Colt Co.* v. *Cousino,* 226 Mich. 518. In our opinion it is not applicable to the facts.   No foxes were shown to plaintiff at the time of her purchase.   If she was promised foxes born in 1922, the defendant has simply failed to keep his promise.   An action for fraud may not be predicated thereon.

"But a promise of something to be done in the future is not a misrepresentation of an existing fact." *Boston Piano & Music Co.* v. *Clothing Co.,* 199 Mich. 141, 146.

The statement on which plaintiff relies, if made by the defendant, was a warranty on the part of the defendant as to the ages of the foxes she should receive under the contracts.   There are many specific warranties in the contracts, and, as this was antecedent to their execution, it will not support a charge of fraud.

"Representations in the nature of warranties antecedent to the contract cannot be urged as fraud in cases where the contract is in writing, and contains specific warranties."   *Bates Tractor Co.* v. *Gregory,* 199 Mich. 8, 13.

The judgment is affirmed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.