### KENT v. MATHESON.

1. Fraud—Promises—Future Action.

Generally fraud cannot be predicated upon statements promissory in nature and relating to future actions or upon failure to perform a promise or an agreement to do something at a future time or make good subsequent conditions which have been assured.

2. Vendor and Purchaser—Fraud—Evidence—Cancellation of Instruments.

In suit by vendor seeking cancellation of land contract for sale of part of farm on ground of fraud, record held, insufficient to sustain finding of fraud on part of defendants in representations as to stock, tools and equipment.

3. Same—Nonperformance—Cancellation of Instruments.

Under record showing tender of payments on obligation of vendor, assumed by purchaser under land contract and request for statement on insurance due, both of which were refused purchasers and two days later paid by vendor without subsequent demand on purchasers, vendor held, not entitled to cancellation of land contract on such showing of nonperformance.

4. LANDLORD AND TENANT—SHARE OF CROP—EVIDENCE OF PAYMENT.
   Cancellation of lease of part of farm on shares *held*, unjustified where undisputed testimony of defendant shows crops raised had been divided and landlord's share had been set aside for her.

5. CONTRACTS—PERSONAL ANIMOSITY—PERFORMANCE.
   Personal animosity which arose between parties to land contract and share-cropping lease cannot be permitted to affect contract rights of parties to such instruments, use and possession of the lands being subject to limitations imposed and parties are entitled to rights thereunder upon performance of obligations imposed thereby.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted May 6, 1936. (Docket No. 152, Calendar No. 38,769.) Decided June 16, 1936.

Bill by Estella B. Kent against Chester D. Matheson and wife for cancellation of a lease and land contract and other relief. Decree for plaintiff. Defendants appeal. Reversed.

*Kenneth H. Smith,* for plaintiff.

*John R. Rood,* for defendants.

TOY, J. Plaintiff filed her bill seeking cancellation of a land contract and lease. She had decree therefor in the circuit court and defendants appeal.

The plaintiff is the mother of defendant Zelda Matheson who with her husband, Chester Matheson, were brought to Michigan from Kansas by plaintiff and her husband, and placed upon plaintiff's farm in Burlington township, Lapeer county.

Thereafter, on February 27, 1934, the plaintiff and defendants entered into a land contract for the sale and purchase of 60 acres of plaintiff's farm; the consideration therefor being that defendants assume and pay when due a lien in the sum of $600,

and the interest thereon, held by George and Martha Hayworth, as security for a loan to plaintiff; the lien being against plaintiff's entire farm of 120 acres. Plaintiff reserved to herself "a life estate in and to the said premises," and also reserved the south room on the first floor of the house on said premises, as well as a portion of the barn.

On the same date plaintiff executed a written five-year lease of 50 acres of the balance of plaintiff's farm to defendants on a one-third crop payment rental basis.

The trial court found that the defendants were guilty of fraud against plaintiff in the making of the contract and lease, and declared them to be void.

The only allegation purporting to charge fraud in plaintiff's bill is as follows:

"That defendants secured the above two contracts from this plaintiff through fraud and misrepresentation. That defendants agreed and informed this plaintiff that they had (or would have) stock and tools and equipment to farm the above mentioned property. That the defendants did not have or did not afterwards secure tools and equipment with which to farm the above described property, except tools that they borrowed from the neighbors and a team of horses which they purchased by giving a chattel mortgage on property that they did not own and which this plaintiff believes will be taken from them so that they would be in no condition to farm said property."

The rule is stated in 12 R. C. L. p. 254:

"Since a fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their nature and relating to future actions, nor upon the mere failure to perform a

promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assumed.''

See *Ashalter* v. *Peterson,* 240 Mich. 64.

Furthermore the record shows that, at the time of the execution of the land contract and lease, plaintiff knew that defendants had no tools and that their stock consisted of a colt and two cows.

We do not think the allegation of .fraud is sufficient; nor do we find proof in the record to sustain a finding of fraud and misrepresentation. See *Baker* v. *Frischkorn,* 271 Mich. 485.

It is claimed by plaintiff that defendants did not make the payments of interest due on the $600 lien to Hayworth, nor pay the insurance, as required by the land contract.

The record shows that defendants tendered the interest payments to Mr. Hayworth, and requested a statement of the amount of insurance due, but that Mr. Hayworth refused the tender and the request, claiming that he had no notice of the interest of defendants in the property. Two days thereafter, plaintiff went to Mr. Hayworth and paid the interest due. She followed the same course when the next payment became due. She made these payments voluntarily, nor does the record show that afterwards she made demand upon the defendants therefor.

We do not think that plaintiff under the circumstances has shown sufficient nonperformance upon the part of defendants upon which to base cancellation of the land contract.

Nor are we in accord with the circuit judge in his determination that defendants failed to give plaintiff her share of the crops, and were, therefore, in default on the lease.

Defendant Chester Matheson testified that. the crops raised had been divided between them and that plaintiff's share had been set aside for her. This testimony was undisputed.

This appears to be a case which arose because of animosity between the husband of plaintiff and his stepson-in-law, the defendant Chester Matheson. It arose principally because of a quarrel which resulted in a physical row between these two. The women folk, perhaps naturally, took sides, and it finally culminated in this cause now before us. But this animosity between the parties cannot be permitted to affect the contract rights of the parties. Here are a binding contract and lease. Plaintiff by the contract terms is entitled to live upon the premises, with her husband if she chooses, in the room reserved by her, and with all the rights reserved to her in the contract. Defendants have certain obligations to perform by virtue of their lease and contract. If these are not performed at any time, then plaintiff is entitled to her remedy as provided in the written instruments. If they are performed, then defendants are entitled to the use and possession of the lands subject to the limitations imposed by the instruments themselves.

In the case before us, plaintiff has not shown sufficient ground for cancellation, and therefore the decree of the circuit court is reversed and the bill of complaint dismissed, with costs to defendants.

North, C. J., and Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred. Potter, J., took no part in this decision.