William S. Wright, Appellant, v. Peabody Coal Company, Appellee.

Gen. No. 9,036.

Opinion filed April 16, 1937.

EDWARD E. ADAMS, of Taylorville, for appellant.

PROVINE & WILLIAMS, AMOS M. PINKERTON, all of Taylorville, and M. J. CHERRY, of Chicago, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

William S. Wright instituted this action at law against appellee in the circuit court of Christian county for breach of an agreement to pay appellant compensation or provide employment for personal injuries, and for fraud and deceit in inducing appellant to refrain from presenting to the industrial commission a claim for compensation for his injuries until by the lapse of time the commission was deprived of jurisdiction to determine his claim and make an award.

The original complaint filed September 10, 1935, consisted of three counts. The first count alleges that on April 8, 1931, the appellee was operating a coal mine in Christian county, where appellant was an employee, and in the course of his employment suffered an accidental injury to his back; that he gave notice and demanded compensation, whereupon the appellee, by its agents having authority over the appellant, used argument and persuasion to induce the plaintiff to refrain from pressing such demand for payment; that it was represented to appellant on account of his position as a ''boss'' the payment of compensation or an application for same before the industrial commission would look bad for the company, and would be prejudicial to the best interests of the appellee, and that if the appellant would forbear to press said claim before the industrial commission, the appellee would provide compensation or some permanent employment to him on terms mutually satisfactory; that relying upon the said promises the appellant refrained from filing or presenting any claim before the commission, or from starting any suit at law to recover wages until such time as the commission was deprived of jurisdiction to hear and determine his claim for compensation.

The second count of the complaint is like in all respects to the first count, except that it avers another injury of like nature on July 24, 1933, the like notice and demand, the like promises and representations, his reliance on them, forbearance to present a claim before the industrial commission, and breach of agreement to his damage.

The third count alleges the happening of an injury on July 24, 1933, the aggravation thereby of a similar injury before that time sustained by him in the course of his employment, and in all other respects similar to and like the averments of the first and second counts.

The appellant also filed two additional counts setting up the foregoing facts as to the two separate injuries,

and further averring that by reason of the trust and confidence reposed by him in the agents of the appellee, and of the relations existing between him and the appellee, the appellant believed and relied upon the promises and representations of appellee, and refrained from presenting any claim before the industrial commission until it was deprived of jurisdiction to determine his claim. The said counts further aver that it was the duty of appellee to act in perfect good faith with the appellant in inducing him to forbear the assertion of his rights, and to refrain from misleading him to his prejudice; that the representations were made falsely and fraudulently, and with the intent that the plaintiff would rely thereon and would refrain from presenting his claim with the commission until such time as the commission would be deprived of jurisdiction; that the appellee, notwithstanding such promises and representations, has failed to make compensation or provide employment to him, whereby he has been deceived and defrauded to his damage, etc.

The appellee filed its motion to dismiss the complaint on the ground that the circuit court did not have jurisdiction of the subject matter because the suit was an action at law arising out of an alleged cause of action; jurisdiction of which is by law vested solely in the industrial commission of Illinois; and that the cause of action is barred by a prior final judgment of a tribunal of competent jurisdiction. There was attached to and filed with the motion of the appellee to dismiss, the affidavit of its attorney setting forth that the appellant filed his claim with the industrial commission on January 24, 1934, and a second petition on October 29, 1934, each of said petitions being based upon allegations of the identical injuries, facts and circumstances as alleged in the pending complaint; that the appellee respondent, in defense thereto, moved that the petitions be dismissed for want of jurisdiction for the reason that it appeared on the face of the applications that the

petitioner had not filed his claims within one year as required by section 24 of the Workmen's Compensation Act, Ill. State Bar Stats. 1935, ch. 48, ¶ 224; Jones Ill. Stats. Ann. 143.39; that both parties were subject to the provisions of said act, both residents of this State, and that appellant petitioner was free from any legal disability; that on hearing, both the arbitrator and the industrial commission held that the petition be dismissed on the ground that the application for adjustment of claim was not filed with the commission within one year after the alleged accidents.

On a hearing in the circuit court upon the motion of appellee to dismiss and the exhibits attached thereto, the complaint and each count thereof were ordered dismissed. The only error urged by appellant as a ground for reversal was the entry of the judgment by the trial court dismissing the complaint.

It is plain from the pleadings that appellant relied upon two theories to recover in this suit. First, upon a breach of an agreement to provide compensation or employment because of his forbearance to assert his right to compensation within the time he was permitted by law to present his claim before the industrial commission. Second, an action for damages based upon the fraud and deceit exercised by appellee in inducing such forbearance.

As to the first claim outlined in the three counts of the original complaint it seems clear that no recovery can be had in this suit. This is not a case where the industrial commission was without authority to deliberate and decide the merits of the claim but it was dismissed by that body because the application was not filed within one year from the date of the injury as required by section 24 of the Workmen's Compensation Act. Section 6 of said act provides:

"No common law or statutory right to recover damages for injury or death sustained by any employee

while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provision of this Act," etc. Ill. State Bar Stats. 1935, ch. 48, ¶ 206; Jones Ill. Stats. Ann. 143.21. Our Supreme Court has many times announced the rule that the common law right of action of an employee against his employer for negligently injuring him in the course of his employment was abolished by the Workmen's Compensation Act. *O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244; *Faber v. Industrial Commission,* 352 Ill. 115. The late case of *Wintersteen v. National Cooperage & Woodenware Co.,* 361 Ill. 95, cited by appellant in support of his contention does not change or vary this rule. In that opinion the court said: "The Workmen's Compensation Act of Illinois does not wholly deprive the workman of the right of recovering damages for personal injuries received by him but only goes to the abolishment of his common law right to recover against his employer for injuries received by the employee in the course of his employment. Where the injury is occasioned by the negligence of a third party not under the provisions of the act the cause of action may be brought by the employee in his own name and recovery had as at common law, with the right of the employer to be subrogated in the recovery to the extent of any compensation payment made by him by reason of such injuries to the employee."

In this second position, based upon the two additional counts appellant has attempted to state a cause of action for fraud and deceit. The essential elements of an action on the case for fraud and deceit are that the defendant made representations that were false; that they were known by the defendant to be false and made to deceive the plaintiff; that the plaintiff believed the representations; that the plaintiff reasonably relied on said representations, and acted thereon to his dam-

age or injury. *Krankowski v. Knapp,* 268 Ill. 183. In setting forth a good cause of action in a complaint for fraud and deceit the Supreme Court have further said: "Both at law and in equity, it is essential that the facts and circumstances which constitute fraud and deceit should be set out clearly and concisely and with sufficient particularity to apprise the opposite party of what he is called upon to answer." *Bouxsein v. First Nat. Bank of Granville,* 292 Ill. 500.

Furthermore it is the settled law of this State that in order to constitute fraud in law, a representation must be an affirmance of fact and not a mere promise or expression of opinion or intention. *Keithley v. Mutual Life Ins. Co.,* 271 Ill. 584; *Bielby v. Bielby,* 333 Ill. 478. A false representation within the meaning of the law in order to constitute a cause of action must be a representation as to an existing or past fact and not a mere promise to do some act in the future. A failure to comply with a future promise does not constitute fraud. The general rule is that to amount to fraud, there must be a wilful, false representation as to an existing or past fact. *Brodsky v. Frank,* 342 Ill. 110.

Nowhere in the two additional counts can we find statements that meet the requirements set forth in these authorities.

For the reasons advanced we do not feel that the complaint in this suit presented a good cause of action upon the theory of either breach of contract or that of fraud and deceit and the trial court very properly granted the motion to dismiss. The judgment of the circuit court is affirmed.

*Affirmed.*