Fidurski et ux., Appellants, *v.* Hammill.

Argued September 28, 1937.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*John Duggan, Jr.,* with him *Julius J. Strba,* for appellants.

*James H. Duff,* of *Duff, Scott & Smith,* for appellee, was not heard.

PER CURIAM, November 12, 1937:

Appellants were owners of certain real estate which they orally promised to sell to John Munzek for $11,068. The parties went to the office of the building and loan association, which held a mortgage on the premises, to find the amount due on the mortgage. Appellee, secretary of the association, learning of the sale, orally agreed that in about three months he would pay $250 more for the property than Munzek was to pay for it. He induced appellants to persuade Munzek to release them, but failed to perform his contract. The association foreclosed the mortgage, purchasing the property for costs and taxes. Appellants brought an action in trespass for deceit to recover as damages the difference between the price agreed on and the amount of the mortgage. They were unsuccessful, and this appeal followed.

Appellants contend that a promise to do something in the future, made without any intention of performing it, is such misrepresentation as will support an action for deceit, and that the fraudulent intention is to be inferred from the fact of nonperformance.

The mere failure to perform a promise will not alone sustain an action of deceit: *Klerlein v. Werner,* 307 Pa. 16, 23; *Martachowski v. Orawitz,* 14 Pa. Super. Ct. 175, 180. An unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made, and a fraudulent intention will not be inferred merely from its nonperformance: *Warren Balderston Co. v. Integrity Trust Co.,* 314 Pa. 58; *McCreary v. Edwards,* 113 Pa. Super. Ct. 151. The promisor may have had an honest intention to carry out his promise when he made it. He may have

been prevented from carrying it out by unavoidable circumstances, or he may have found, after mature investigation, that his promise was unfortunate. These circumstances would not relate back to the time the promise was made and give rise to an inference of deceit at that time.

The general rule is that fraud or misrepresentation, to be the basis of deceit, must be of an existing fact, not the breach of a promise to do something in the future. A promise to do something, which is not subsequently complied with, does not constitute fraud. There is not a particle of evidence in this case from which it could be inferred that the defendant had any dishonest intention when he promised to purchase appellants' real estate. Indeed, the facts of the case show conclusively a different state of affairs.

The foreclosure of the mortgage and the purchase by the association are not indicative of fraud. The evidence shows it would have been to the association's advantage to have had the contract consummated.

The evidence fails to disclose any fraudulent intention, and falls short of proving any basis for an action of deceit. The judgment must be affirmed.

Judgment affirmed.