## FAWCETT v. SUN LIFE ASSUR. CO. OF CANADA et al.

### No. 2673.

Circuit Court of Appeals, Tenth Circuit.

April 28, 1943.

Wilbur F. Denious, Hudson Moore, and Dayton Denious, all of Denver, Colo., for appellant.

Winston S. Howard and Pershing, Bosworth, Dick & Dawson, all of Denver, Colo., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal from the judgment of the United States District Court for the District of Colorado dismissing appellant's amended complaint and cause of action.

The amended complaint alleged in substance that on January 11, 1939, appellee

issued and delivered to appellant two documents described as a combination single premium assurance and annuity contract; that in one it agreed to pay his beneficiaries the sum of $40,000 upon his death, and in the other agreed to pay him annually the sum of $1049.44 during his life; that he paid a single premium of $44,000 required to be paid by said documents. It alleged that appellee represented and warranted the facts to be that the documents were a combination single premium assurance and annuity contract; that the $40,000 which it had agreed to pay upon appellant's death was insurance and would be payable in full, free and clear of all federal estate insurance taxes; that appellee represented and warranted that the Bureau of Internal Revenue had so ruled and that said ruling was in force and effect. The complaint alleged that appellant advised appellee that he would not accept said contracts if the $40,000 was subject to federal estate taxes; that he was not versed in the law and the rulings of the Bureau of Internal Revenue or the interpretation of such contracts; that before purchasing the same, he desired to have his personal attorney examine the documents and advise him with reference thereto; that appellee represented that its attorneys were experts and learned in the law in that line of work, and that they had given the subject careful investigation and knew the law applicable to such matters; that their statements and advice given had been that the sum of $40,000 was in fact life insurance and was exempt from the federal estate tax, and that such opinion could be relied upon with safety, while any opinion that his personal attorney might give to the contrary could not be safely relied upon, as such attorney would be more interested in keeping the $40,000 in plaintiff's estate, as the larger the plaintiff's estate the larger such attorney's fees for administration would be. The complaint further alleged that said documents were not and are not insurance contracts, and that the $40,000 agreed to be paid upon the death of plaintiff is and was subject to federal estate tax, and a large part thereof will be paid to the federal government in the form of estate taxes under the laws in force at the time said representations were so made; that such representations were false and fraudulent and known to appellee to be false at the time of their making, or were made with a reckless disregard of the truth or falsity thereof, and were relied upon by appellant to his injury. The complaint tendered return of the documents, and prayed for rescission and return of the consideration.

The sole question is whether the complaint stated a cause of action. The argument is made by appellee that the complaint at most alleged representations or predictions as to what the law would be at the time of the death of appellant; that no one could foretell what the law then would be; and that therefore the representations were not actionable.

■ Appellant was desirous of creating an estate for the beneficiaries which would not be subject to inheritance or estate taxes. Of course, he must have understood that the law at the time of his death would control. But what he wanted to know was whether under the law—and that could only mean the law as it then was—this policy was subject to inheritance or estate taxes. This is what the parties had in mind and the alleged representations were directed to the law as it then was. Any other construction would be strained and unreal. All dispositions of property to take effect at death, either by will or otherwise, so far as the right to inherit or liability for death taxes is concerned, are subject to the law in force at death. But when one considers the right to make contemplated disposals or the effect thereof, he does so in the light of the then existing law. That the representations were made with respect to the law then in force is evidenced by the allegation that appellee stated that the Department of Internal Revenue had ruled that such contracts were exempt from federal estate taxes. Such ruling could relate only to the law then in force.

■■ The statements that the policies were insurance contracts and that the benefits payable to the beneficiaries were not subject to federal estate taxes were representations as to matters of law. It is true, as urged by appellee, that ordinarily statements relating to matters of law are not actionable. However, there are certain well-recognized exceptions to the rule. Some of these are where there is a trust relationship or where the speaker has or professes to have superior knowledge of the law, or where one relies on statements declaring the law made by one claiming to have superior knowledge thereof and is told that it is unnecessary to consult a lawyer. 23 Am.Jur., Fraud, § 48; 17 C. J.S., Contracts, § 158.

While Colorado seems not to have specifically passed upon the question, it appears to recognize the exceptions to the general rule. In Parks v. Bucy, 72 Colo. 414, 211 P. 638, 639, the Supreme Court applied the general rule, but also recognized the exceptions thereto, in the following language: "If there was a fiduciary relation between these parties, or if the defendant was a lawyer and the circumstances were such as required him to divulge all the information that he had, or if he knew that the plaintiff was relying upon him as one learned in the law, a different question would be presented * * *."

In Metzger v. Baker, 93 Colo. 165, 24 P. 2d 748, 749, the court said: "This rule, is of course, subject to certain qualifications, such as special knowledge possessed by one and not available to the other; a fiduciary relationship * * *."

■ Without repeating them, the allegations of the complaint with respect to the applicable law clearly fall within the exceptions to the general rule.

■ The complaint alleged that appellee represented that the Bureau of Internal Revenue had ruled that such a policy was an insurance contract and free from federal estate taxes. A representation as to what the Bureau had ruled was one of fact and not of law. At the time of this transaction, neither the Board of Tax Appeals nor any court had passed upon the precise question. The decisions upon which appellee relies to sustain the truth of the representations as to the law were all subsequent to the date of the transaction and are therefore no aid to it in its contention that the representations made were true.

These representations were made about December 20, 1938. In Commissioner v. LeGierse, 2 Cir., 110 F.2d 734, and the Estate of Keller v. Commissioner, 39 B.T. A. 1047, decided May 25, 1939, two cases upon which appellee relies to sustain its contention that the representations correctly stated the law, the Bureau of Internal Revenue had ruled that such contracts were not insurance contracts and that the proceeds thereof were subject to estate taxes. It does not appear that the Department had ever made a contrary ruling. While the date of these rulings does not appear in the abstract, inquiry of the Department reveals that the ruling in the LeGierse case was made December 9, 1937, and the one in the Keller case was made January 29, 1938. So that, if the representation as to the rulings of the Department was made, it was in direct conflict with the actual fact.

■ Finally, it is urged that the question has become moot because under the change in the law, the proceeds from insurance contracts are now subject to tax collection, and that therefore appellant has not been injured by the alleged misrepresentation that this was an insurance contract. With this we cannot agree. Appellant sought an investment that was free from estate taxes. Relying upon appellee's representations in the matter, he parted with $44,000 which he would not have done otherwise. If the representations were made and induced him to part with this sum in reliance thereon, he suffered substantial injury.

■ We conclude that the complaint stated a cause of action and that it was reversible error to sustain the motion to dismiss.

Reversed and remanded, with directions to reinstate the petition and proceed to a determination of the issues.

BRATTON, Circuit Judge (dissenting).

The misrepresentations pleaded affected only the life insurance policy. And the real gravamen of the cause of action in relation to it is that the company stated and represented, either falsely or in reckless disregard of the facts, that the proceeds would be payable in full to the beneficiaries, free and clear of all federal and inheritance tax. The entire cause of action must find its source in that misrepresentation, because apart from it neither appellant nor the beneficiaries have suffered or will suffer as the result of the other misrepresentations any wrong subject to judicial redress by way of cancellation, damages, or otherwise. The parties necessarily contemplated from the very outset that no amount, taxed or tax free, would be payable under the life policy until after the death of appellant. And whether the proceeds would or will then be subject to federal estate or inheritance tax must depend upon the law in force at that time. In the very nature of things it could not have been known at the time of the making of the statement alleged to constitute a material misrepresentation. Neither can it be known now. The law in force at that time may or may not subject the proceeds of such a policy to a tax of that kind. In short, the alleged misrepresentation on which the case must

rest did not relate to the existence or non-existence of a past or present fact but to a legal matter at a future time—the future time being the death of appellant.

Prophecies, forecasts, opinions, or beliefs concerning future events or conditions will not support an action for fraud. The Supreme Court of Colorado, this court, and other courts have uniformly held that in order to constitute actionable fraud, a false statement must be of a present or past fact. It must relate to the existence or nonexistence of a fact at the time of the making of the statement. Farris v. Strong, 24 Colo. 107, 48 P. 963; Kilpatrick v. Inman, 46 Colo. 514, 105 P. 1080, 26 L.R.A.,N.S., 188; Sawyer v. Prickett, 19 Wall. 146, 22 L.Ed. 105; United States v. Stanolind Crude Oil Purchasing Co., 10 Cir., 113 F. 2d 194; Fidurski v. Hammill, 328 Pa. 1, 195 A. 3; Wright v. Peabody Coal Co., 290 Ill.App. 110, 8 N.E.2d 68; Schuster Electric Co. v. Hamilton County Stores, 61 Ohio App. 331, 22 N.E.2d 582; Harris v. Delco Products, 305 Mass. 362, 25 N.E.2d 740; Anderson Sav. Bank v. Hopkins, 195 Iowa 655, 192 N.W. 824; Kent v. Matheson, 276 Mich. 316, 267 N.W. 847; Theno v. National Assur. Corporation, 133 Neb. 618, 267 N. W. 375; Hilgendorf v. Schuman, 232 Wis. 625, 288 N.W. 184; First Nat. Bank of Hays v. Mense, 135 Kan. 143, 10 P.2d 19; Nielson v. Leamington Mines & Exploration Corp., 87 Utah 69, 48 P.2d 439; Beatrice Creamery Co. v. Goldman, 175 Okl. 300, 52 P.2d 1033; Law v. Sidney, 47 Ariz. 1, 53 P.2d 64; Soble v. Herman, 175 Va. 489, 9 S.E.2d 459; Reed v. Cooke, 331 Mo. 507, 55 S.W.2d 275. I think the judgment should be affirmed.