### DIXON v. DODD et al.
### No. 1040.

Municipal Court of Appeals for the District of Columbia.

Argued April 2, 1951.

Decided April 26, 1951.

Michael J. Keane, Jr., Washington, D. C., Karl Michelet and James J. Lauderdale, Washington, D. C., on the brief, for appellant.

George E. Happ, Washington, D. C., Charles F. Sanford, Washington, D. C., on the brief, for appellee Mary D. Thayer Dodd.

Joseph G. Dondero, Washington, D. C., for appellee Samuel M. Orrison.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Defendant, Mrs. Dodd, signed a paper purporting to give plaintiff, Mr. Orrison, a real estate broker, the exclusive right for ninety days to sell certain real estate owned by her. About three weeks later Mrs. Dodd wrote Orrison that she was canceling his exclusive listing. A few weeks thereafter, and within the original ninety-day period, Mrs. Dodd sold her property through Mr. Dixon, another real estate broker, and paid him a commission of $525. Orrison thereupon sued Mrs. Dodd for $525. She in turn filed a third-party complaint against Dixon, asking for judgment against him for any sum adjudged owing by her to Orrison. Trial resulted in a verdict and judgment for $525 in favor of Orrison against Mrs. Dodd and a verdict and judgment in the same amount in her favor against Dixon. Dixon has appealed.

Appellant's first claim of error is the failure of the trial court to direct a verdict in his favor. He argues that the evidence did not make out a case on which the jury could find liability on his part. The theory of Mrs. Dodd's claim against Dixon was essentially that if she was responsible to Orrison for breaching the exclusive listing agreement, then Dixon in turn was responsible to her because she was induced to commit such breach by reason of misrepresentation made to her by one Mitchell, a salesman for Dixon.

The record discloses that Mitchell had known Mrs. Dodd for many years and when he saw Orrison's "For Sale" sign on Mrs. Dodd's property, he went to Colonial Beach, where she was then staying, to inquire if the property could be listed with his (Dixon's) firm; that Mrs. Dodd was dissatisfied with the efforts being made by Orrison and discussed with Mitchell changing the listing from Orrison to Dixon, she being uncertain as to whether the listing with Orrison was an exclusive one or for what period it had been given; that Mitchell told her she should not list it with Dixon until the agreement with Orrison was terminated and that he would find out the proper thing for her to do and would write to her; that Mitchell returned to Washington and later wrote Mrs. Dodd telling her "the usual way to cancel an exclusive listing" and she, in accordance with Mitchell's letter, wrote to Orrison that "Effective this date, August 31, 1948, I hereby cancel the exclusive listing given to you on my property," adding, "I have a sale for the house myself"; that thereafter she listed the property with Dixon and sold to a buyer produced by him, the said buyer being previously unknown to her or to Orrison.

That Mitchell knew Mrs. Dodd had given Orrison an exclusive listing and that he advised and guided her in the attempted cancellation of such listing is not questioned. She testified she had known Mitchell for a long time and being ignorant of the effect of an exclusive listing she relied on Mitchell and wrote to Orrison exactly as Mitchell advised her, relying on Mitchell's opinion that Orrison's agency could be legally terminated. Mitchell testified that he wrote the letter to Mrs. Dodd basing it on his opinion that she could revoke Orrison's agency if she was satisfied she was not receiving proper efforts from him, that it was his (Mitchell's) opinion that an exclusive listing could be revoked at any time for any reason at all, if done in good faith and prior to production of a buyer by the agent.

From this evidence the jury could have found that Mitchell advised Mrs. Dodd that she without risk of liability could cancel Orrison's exclusive listing and thereupon list the property with Dixon. Ordinarily a misstatement of law is not ground for liability but there are exceptions to the rule. Where one has, or professes to have, a superior knowledge of the law, and particularly if there is a relationship of confidence between the parties, a misrepresentation of law may be actionable.[1] Mrs. Dodd was ignorant of the legal effect of an exclusive listing and she relied on Mitchell, an experienced real estate salesman whom she had known for many years and who professed to be able to advise her. She did not approach Mitchell. He went to see her for the purpose of getting the listing so that he and his firm could make a sale and obtain a commission. Under these circumstances, we think the misrepresentation was actionable. And we think Mitchell's claim of good faith is immaterial at least in the absence of a showing of a reasonable basis therefor.[2]

Appellant further argues that Mitchell's statement was not a misrepresentation but a correct statement of the law. In effect we are asked to overrule our decision in McManus v. Newcomb, D.C.Mun. App., 61 A.2d 36, 37, wherein we held that "when a broker in reliance upon an exclusive authorization to sell uses reasonable efforts to find a purchaser, expending time and money, such acts constitute an acceptance on his part and supply the consideration necessary to effect a mutual contract."[3] Although there are authorities to the contrary we adhere to our former opinion. Orrison accepted his agency and expended money and time in advertising

---

1. Fawcett v. Sun Life Assur. Co. of Canada, 10 Cir., 135 F.2d 544, 153 A.L.R. 533; Jekshewitz v. Groswald, 265 Mass. 413, 164 N.E. 609, 62 A.L.R. 525; Stark v. Equitable Life Assur. Soc., 205 Minn. 138, 285 N.W. 466; Rusch v. Wald, 202 Wis. 462, 232 N.W. 875. See also, Restatement, Torts, § 545, Comment d.

2. See Stein v. Treger, 86 U.S.App.D.C. 400, 182 F.2d 696.

3. See cases there cited and also Hutchinson v. Dobson-Bainbridge Realty Co., 31 Tenn.App. 490, 217 S.W.2d 6.

the property and showing it to prospective purchasers. No attempt was made at the trial to show that his efforts in this respect were not reasonable.

■ Appellant also contends that even if Mrs. Dodd had no right to terminate Orrison's exclusive listing, she nevertheless had power to do so, and that when she breached the agreement Orrison had only an action for damages and was not entitled to a commission. Mrs. Dodd gave Orrison "the exclusive right to sell" the property for a period of ninety days and she agreed "to pay said S. M. Orrison the regular commission of 5% in case sale is made during the said period." It will be observed that she agreed to pay Orrison a commission in case sale was made during the period, without qualification as to whether the sale was made by Orrison or by someone else. Sale was made during the period and Orrison thereby became entitled to a commission. Mrs. Dodd could not by canceling Orrison's agency cancel her agreement with him.

■■ Appellant also questions the validity of the third-party proceeding against him. His main objection appears to be that although the principal action was in contract the third party claim against him was in tort. The fact that one claim is in contract and the other in tort is not necessarily an obstacle to third-party proceedings,[4] but if the trial court is of opinion that one trial of the two claims will unduly complicate the case or prejudice a party, leave to implead the third party may be denied.[5] The impleading of third parties is discretionary with the trial court[6] and we find no abuse of discretion here.

■ Error is also assigned with respect to certain remarks of plaintiff's counsel in argument to the jury. While it may be by these remarks counsel went beyond his case and improperly injected himself into the third-party claim, with which he was not concerned, we cannot say that the remarks were sufficiently prejudicial to warrant a reversal. The record does not contain the argument of counsel either in full or in substance, and the effect of an isolated statement in the course of argument cannot be properly appraised when removed from its context and setting.

■ The final error assigned is the granting of certain instructions to the jury requested by third-party plaintiff. Our rule 23(b) requires that if error is claimed in the court's charge to the jury, the entire charge or its substance shall be included in the record. This rule has not been complied with. We recognize that it may be difficult to comply with the rule when the trial is not stenographically reported, but counsel will also recognize the difficult, if not impossible, task of an appellate court in attempting to determine the correctness of a small portion of a charge without viewing it in the light of the complete charge or at least the substance of it.

Affirmed.

---

4. Jones v. Waterman S. S. Corporation, 3 Cir., 155 F.2d 992; Saunders v. Goldstein, D.C.D.C., 30 F.Supp. 150; Balcoff v. Teagarden, D.C.S.D.N.Y., 36 F.Supp 224; Moore's Federal Practice (2d ed.) § 14.07.

5. Lee's Inc. v. Transcontinental Underwriters, D.C., Md., 9 F.R.D. 470.

6. General Taxicab Ass'n. v. O'Shea, 71 App.D.C. 327, 109 F.2d 671; Hillyard v. Smither & Mayton, D.C.Mun.App., 76 A. 2d 166; Moore's Federal Practice (2d ed.) § 14.05.