# Ali v. Southeast Transportation Transit Authority

*George R. Szymanski, Jr.,* for plaintiffs.

*Sean Kirby, Michael Sklaroff, Burt M. Rublin, Charles L. Rombeau, Richard C. Geer,* and *Cecelia Isaacs-Blundin,* for defendant.

## Facts and Procedural History

FOX, *J.,* December 14, 2010—Plaintiffs appeal this court's June 7, 2010 order which granted partial summary judgment in favor of defendant.[1] This case was initiated by complaint filed January 31, 2008. The complaint alleged fraud and various other claims related to the damages allegedly incurred as a result of the Market Street El Reconstruction Project. The complaint names SEPTA, the City of Philadelphia, Cornell Company, Inc., Baker and Company, Market Street Construction, PKF Mark III, Inc., and the Commonwealth of Pennsylvania Department of Transportation as defendants ("defendants"). On August 5, 2008, this court sustained certain preliminary objections which left plaintiffs with two claims for relief: 1) count I for fraud against SEPTA and Baker and Company and 2) count V for "outrageous conduct" against all defendants except the Commonwealth of Pennsylvania, Department of Transportation.

On December 18, 2009, this case was tried before

---

1. The appeal was filed after Final Judgment was entered against PennDot.

an arbitration panel, which found unanimously in favor of defendants. Plaintiffs appealed. On May 3, 2010, all defendants except for SEPTA ("remaining defendants") filed a motion for summary judgment on the remaining counts. Plaintiffs did not file a response. On June 7, 2010, after a review of the motion and exhibits, and finding no genuine issue of material fact, this court granted summary judgment. The day this court entered its decision, plaintiffs filed a response to the motion for summary judgment. Thereafter, plaintiffs filed for reconsideration. This court considered the untimely response filed by plaintiffs. The reconsideration was denied on July 1, 2010. This appeal followed.

## *Discussion*

Summary judgment is warranted because plaintiffs have failed to demonstrate the existence of any genuine issue of material fact. The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.*, 608 A.2d 1074 (Pa. Super. 1992). The standard of review for a motion for summary judgment is set forth in Rule 1035.2 of the Pennsylvania Rules of Civil Procedure:

After the relevant pleadings are closed, but within such a time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law.

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action

or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which at a jury trial would require the issues to be submitted to a jury. *Id.*

Here, under the facts, plaintiffs cannot recover for fraud or outrageous conduct.

First, plaintiffs cannot recover on their claims against SEPTA because of sovereign immunity. According to 74 Pa. Const. Stat. Ann § 1711, SEPTA "shall exercise the public powers of the Commonwealth." Thus, SEPTA "shall continue to enjoy sovereign and official immunity." *Id.* § 1711(c)(3). 42 Pa. Const. Stat. Ann. § 8522 sets forth the nine exceptions to sovereign immunity. The nine exceptions are as follows: (1) Vehicle Liability, (2) Medical-Professional Liability, (3) Care, Custody or Control of Personal Property, (4) Commonwealth Real Estate, (5) Potholes and other Dangerous Conditions, (6) Care, Custody or Control of Animals, (7) Liquor Store Sales, (8) National Guard Activities, and (9) Toxoids and Vaccines. *Id.* Fraud and outrageous conduct are not included in the exceptions. Therefore summary judgment is proper.

Second, with respect to Baker, plaintiffs are unable to recover for fraud. Under Pennsylvania law, a plaintiff must prove the following to prevail on a fraud claim:

1) A representation;

2) which is material to the transaction at hand;

3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

4) with the intent of misleading another into relying on it;

5) justifiable reliance on the misrepresentation; and

6) the resulting injury was proximately caused by the reliance."

*Gibbs v. Ernst*, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994) (footnote and citations omitted).

There is no dispute that plaintiffs' fraud claim is premised entirely on alleged misrepresentations by SEPTA and Baker Company about the anticipated completion date of the reconstruction project. The failure to complete the project by the initial anticipated completion date does not constitute fraud. "The breach of a promise to do something in the future is not fraud." *Edelstein v. Carole House Apartments, Inc.*, 286 A.2d 658, 661 (Pa. Super. 1971) (citation omitted). Moreover, "[a]n unperformed promise does not give rise to a presumption that the promisor intended not to perform when the promise was made." *Fidurski v. Hammill*, 328 Pa. 1, 3, 195 A. 3, 4 (1937). Here, even upon consideration of the untimely response, plaintiffs have failed to point to any evidence to establish that the date projections of the anticipated completion of the reconstruction project

were knowingly false. It is not in dispute that SEPTA and Baker kept the public, including plaintiffs, fully and accurately informed about construction delays and the resulting changes in the completion dates. Therefore, plaintiffs' fraud claim must fail.

Additionally, plaintiffs cannot prove "justifiable reliance" on the alleged misrepresentations by Baker and SEPTA in 2000 about the anticipated completion date. Although plaintiffs contend that misrepresentations about the projected completion date were made in 2000, plaintiffs did not take any action "in reliance" on these alleged misrepresentations until sometime in 2004. In fact, Mr. Ali testified at his deposition that he would have gone ahead with the construction regardless of the anticipated completion date.

Plaintiffs' claim for outrageous conduct must also fail. Plaintiffs contend that punitive damages are appropriate for torts sounding in negligence when the conduct at issue is beyond mere negligence and the behavior is willful, malicious or so careless as to indicate wanton disregard for the rights of the parties injured. In support of this argument, plaintiffs point to the Pennsylvania Standard Jury Instructions. This court agrees that punitive damages are proper if the factual circumstances of a particular case reveal conduct that has passed into the level of outrageous conduct, even if mere ordinary negligence is all that was required to sustain a separate claim for compensatory damages (citing Restatement (Second) of Torts § 908 (1979); *Moran v. G. & W.H. Corson, Inc.*, 586 A.2d 416 (Pa. Super. 1991)). However, the factual circumstances

in this case clearly do not rise to this level. Plaintiffs have not adduced any evidence that any of the remaining defendants' conduct was outrageous or reckless.

Thus, for the foregoing reasons, this court's order of June 7, 2010 should be affirmed.